UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————

SANJAY TRIPATHY,

                              Plaintiff,

          v.

ANDREA N. SCHNEIDER,
Acting Superintendent, Gowanda CF,
Gowanda NY, et al.,

                              Defendants.

———————————————————————

DECISION & ORDER and
REPORT & RECOMMENDATION

21-CV-6392FPG


          Plaintiff Sanjay Tripathy ("Tripathy") filed this action against defendants

pursuant to 42 U.S.C. § 1983, alleging that he was subjected to unconstitutional conditions of

confinement in violation of his Eighth Amendment rights while incarcerated at Gowanda

Correctional Facility.[1]  (Docket ## 1, 5, 7).  Currently pending before this Court is Tripathy's

motion for leave to file a second amended complaint to add defendants and conditions of

confinement claims arising out of his subsequent incarceration at Fishkill Correctional Facility

and Collins Correctional Facility.  (Docket # 31).  Construed liberally, Tripathy also seeks to

assert claims pursuant to 42 U.S.C. § 1985, the False Claims Act ("FCA"), 31 U.S.C. § 3729,

and the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962.

(Id.).  By letter filed on July 12, 2022, defendants Andrea N. Schneider, D. Lockwood, and Dr.

S. Haque (collectively, the "Gowanda Defendants") informed the Court that they did not oppose

---

[1]  Tripathy also asserted Eighth Amendment inadequate medical care claims and claims pursuant to the
Americans with Disabilities Act, the Rehabilitation Act, and the Fourteenth Amendment, but those claims were
dismissed by the district court.  (Docket ## 5, 7).

the motion.  (Docket # 33).  In a subsequent filing, Tripathy also requested that the Court issue a new scheduling order.  (Docket # 34).

## DISCUSSION

Rule 15(a) of the Federal Rules of Civil Procedure provides that once the time for amending a pleading as of right has expired, a party may request leave of the court to amend, which shall be "freely give[n] . . . when justice so requires."  Fed. R. Civ. P. 15(a).  If the underlying facts or circumstances relied upon by the party seeking leave to amend may be a proper subject of relief, the party should be afforded the opportunity to test the claim on its merits.  *See United States ex rel. Maritime Admin. v. Cont'l Ill. Nat'l Bank & Trust Co. of Chi.*, 889 F.2d 1248, 1254 (2d Cir. 1989).  The decision whether to grant a motion to amend lies within the sound discretion of the trial court.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Thus, the trial court may deny leave to amend "when the movant has unduly delayed in seeking leave, when it is apparent that [he] is acting in bad faith or with dilatory motive, when the opposing party will be unduly prejudiced if leave is granted or when the proposed amendment would be futile."  *Gavenda v. Orleans Cnty.*, 1996 WL 685740, *2 (W.D.N.Y. 1996) (citing *Foman v. Davis*, 371 U.S. at 182).

Despite the ordinarily lenient standard imposed, if the amendment proposed by the moving party is futile, "it is not an abuse of discretion to deny leave to amend."  *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993).  "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)."  *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (citing *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002), *abrogated on other*

*grounds by Knick v. Twp. of Scott*, 139 S. Ct. 2162 (2019)).  Rule 8(a) of the Federal Rules of

Civil Procedure requires that the complaint contain "a short and plain statement of the claim

showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The purpose of Rule 8 is

to give the defendant fair notice of the claim plaintiff is asserting and the factual basis for the

claim.  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  To avoid dismissal, the proposed amended

claim must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007)).

       The *Twombly* "plausibility standard" applies to complaints brought by *pro se*, as

well as represented, plaintiffs.  *Sowell v. Chappius*, 695 F. Supp. 2d 16, 18 (W.D.N.Y. 2010).

"[A]ll pleadings, *pro se* or otherwise, must contain enough factual allegations to 'give the

defendant fair notice of what the ... claim is and the grounds upon which it rests.'"  *Id.* (omission

in original) (quoting *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008)).  That said, "[a]

document filed *pro se* is 'to be liberally construed' and 'a *pro se* complaint, however inartfully

pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers,'"

*Erickson v. Pardus*, 551 U.S. at 94 (internal citation omitted), although they still must comply

with the pleading requirements of the Federal Rules of Civil Procedure, *White v. Drake*, 2011

WL 4478921, *6 (N.D.N.Y. 2011).  "A court must make reasonable allowances so that a *pro se*

plaintiff does not forfeit rights due to [his] lack of legal training."  *Forbes v. State Univ. of New*

*York at Stony Brook*, 259 F. Supp. 2d 227, 232 (E.D.N.Y. 2003).  Thus, a court must construe

*pro se* pleadings liberally and "interpret them 'to raise the strongest arguments that they

suggest.'"  *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*,

14 F.3d 787, 790 (2d Cir. 1994)).

The record before the Court does not suggest any prejudice, undue delay, bad faith, or futility that could compel the Court to deny Tripathy's motion to amend the complaint to the extent he seeks to add additional defendants and conditions of confinement claims arising out of his subsequent incarceration at Fishkill Correctional Facility and Collins Correctional Facility.[2]  *See, e.g.*, *Gary Friedrich Enters., LLC v. Marvel Enters., Inc.*, 2011 WL 1142916, *2 (S.D.N.Y. 2011) ("[i]n light of this liberal [Rule 15] standard for granting leave to amend and the fact that this motion was timely filed pursuant to my scheduling order, the amendments to the [c]omplaint that are unopposed by the current defendants need not be discussed in detail [and are granted]"); *Esmilla v. Cosmopolitan Club*, 2011 WL 814007, *2 (S.D.N.Y. 2011) (granting plaintiff's unopposed motion to amend complaint to add new claims against existing defendant and to add additional factual allegations relating to claims); *Barbagallo v. Gen. Motors Corp.*, 1990 WL 100874, *3 (S.D.N.Y. 1990) ("[plaintiff's] motion to amend his complaint to add an additional claim . . . , to the extent that it is unopposed, is granted").  Given the lack of any opposition or any other perceived basis to deny leave to permit these amendments, I determine that Tripathy should be permitted to amend his complaint to the extent he seeks to assert an Eighth Amendment conditions of confinement claim against Edward Burnett, Superintendent, Fishkill C.F.; Sharon Frost, DSA Fishkill C.F.; Akinola Akinyombo, DSH, Fishkill C.F.; Leanne Latona, Superintendent Collins C.F.; and Richard Moffit, DSA Collins C.F., arising out of his incarceration at Fishkill Correctional Facility and Collins Correctional Facility.

I reach a different conclusion with respect to Tripathy's proposed amendments seeking to assert a civil RICO claim, a Section 1985 conspiracy claim, and a claim under the

---

[2]  Because Tripathy seeks to add new defendants, his motion must also be evaluated under Rule 20(a) of the Federal Rules of Civil Procedure, which governs joinder of additional parties.  Fed. R. Civ. P. 20(a).  As noted above, the Gowanda Defendants have not opposed the addition of the new defendants to the action under Rule 20(a), and I find that Rule 20(a), standing alone, is not an impediment to the addition of these defendants.

FCA.  Review of the proposed Second Amended Complaint demonstrates that these claims are either not cognizable or insufficiently pled.  With respect to the civil RICO and Section 1985 conspiracy claims, Tripathy's vague, conclusory allegations are insufficient to plausibly allege the requisite elements of these claims.  *See Crichlow v. Acting Comm'r Anthony J. Annucci DOCCS*, 2022 WL 6167135, *14 (S.D.N.Y. 2022) ("[p]laintiff fails to meet the heightened pleading standard for RICO claims imposed by Federal Rules of Civil Procedure 9(b)"); *Baltas v. Jones*, 2021 WL 6125643, *14 (D. Conn. 2021) ("[plaintiff] makes a conclusory assertion that [d]efendants have violated the RICO statute, but his factual allegations fail to plausibly allege the elements of a civil RICO claim[;] [h]e has not alleged facts reflecting that [d]efendants have engaged in a pattern of racketeering activity; even if he has, [plaintiff] has not alleged facts reflecting that a violation of section 1962 has injured him 'in his business or property'"); *Radin v. Tun*, 2015 WL 4645255, *12 (E.D.N.Y. 2015) ("[p]laintiff's mere reference to a § 1985 claim is not sufficient to state a claim under this statute; [p]laintiff did not specify the individuals or entities allegedly involved in any conspiracy, identify the actions that comprised any conspiracy, or draw a connection between any alleged conspiracy and a deprivation of rights"); *Duryea v. Cnty. of Livingston*, 2007 WL 1232228, *5 (W.D.N.Y. 2007) ("the Second Circuit has held that to state a claim under 42 U.S.C. § 1985, a plaintiff 'must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end'") (quoting *Webb v. Goord*, 340 F.3d 105 (2d Cir. 2003), *cert. denied*, 540 U.S. 1110 (2004)).  Moreover, Tripathy's proposed claim under the FCA is not legally cognizable because none of his allegations concern the submission of a false or fraudulent claim to the federal government.  *See Gottesfeld v. Anderson*, 2020 WL 1082590, *13 (S.D.N.Y. 2020) ("FCA pleadings are inadequate unless they are linked to allegations, stated with particularity, of

actual false claims submitted to the government[;] . . . [h]ere, the [c]omplaint seeks relief for injuries that federal officers allegedly inflicted on [plaintiff]; the [c]omplaint does not seek to vindicate rights belonging to . . . the federal government") (internal quotations omitted); *Jendrzejczak v. Williams*, 2014 WL 2533041, *14 n.9 (N.D.N.Y. 2014) ("[p]laintiff['s] allegations under the [FCA] also fail to state a claim[;] . . . [b]ecause the federal FCA applies to the presentation of false or fraudulent claims to the United States Government . . . , I recommend that [p]laintiff's claims under the federal FCA be dismissed with prejudice"). Accordingly, I recommend that the district court deny Tripathy's motion to the extent he seeks to assert these claims.


## CONCLUSION

For the reasons stated above, Tripathy's motion to amend **(Docket # 31)** is granted in part, and I recommend that it be denied in part. Specifically, I recommend that Tripathy be denied leave to amend the complaint to assert causes of action pursuant to the RICO statute, the FCA, and Section 1985; I grant Tripathy leave to add Burnett, Frost, Akinyombo, Latona, and Moffit as defendants and to assert Eighth Amendment conditions of confinement claims against those defendants arising out of his incarceration at the Fishkill and Collins Correctional Facilities. The Clerk of the Court is directed to file the proposed amended complaint (Docket # 31 at 2-20) with the proposed exhibits (Docket # 31-1) as the Second Amended Complaint, and service of the Second Amended Complaint on the Gowanda Defendants shall be made by the Clerk's mailing of a copy of the Second Amended Complaint to the Gowanda Defendants' attorney of record. The Clerk of the Court is also directed to add Burnett, Frost, Akinyombo, Latona, and Moffit as defendants to the action. The Clerk of the

Court is further directed to cause the United States Marshal to serve copies of the Summons, Second Amended Complaint, and this Order upon defendants Burnett, Frost, Akinyombo, Latona, and Moffit without Tripathy's payment therefore, unpaid fees to be recoverable if this action terminates by monetary award in Tripathy's favor.  Upon service, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Burnett, Frost, Akinyombo, Latona, and Moffit are directed to answer the Second Amended Complaint.

Given the addition of new defendants to the action, Tripathy's request for the Court to issue an amended scheduling order **(Docket # 34)** is **DENIED** at this time.  This Court will conduct a **<u>telephone status conference</u>** on **December 15, 2022**, at **10:00 a.m.**, at which time an amended scheduling order will be addressed.

**IT IS SO ORDERED.**

                                                              *s/Marian W. Payson*
                                                              MARIAN W. PAYSON
                                                              United States Magistrate Judge

Dated:  Rochester, New York
           October 13, 2022

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

      **ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

      **ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b) and 6(a) and Local Rule 72.

      The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See*, *e.g.*, *Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

      <u>**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.**</u> *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

      The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." <u>**Failure to comply with the provisions of Rule 72(b), or with the similar provisions of Rule 72(a) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**</u>

      Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

**IT IS SO ORDERED.**


                                     *s/Marian W. Payson*
                                     MARIAN W. PAYSON
                             United States Magistrate Judge

Dated: Rochester, New York
       October 13, 2022