UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SANJAY TRIPATHY,

                                          Plaintiff,                  Case # 21-CV-6392-FPG

v.                                                                               DECISION AND ORDER

ANDREA N. SCHNEIDER, et al.,

                                          Defendants.
_____

## INTRODUCTION

On May 20, 2021, *pro se* Plaintiff Sanjay Tripathy filed this action against Defendants pursuant to 42 U.S.C. § 1983, alleging, *inter alia*, that he was subjected to unconstitutional conditions of confinement while incarcerated at Gowanda Correctional Facility due to the COVID-19 pandemic in violation of his Eighth Amendment rights. ECF No. 1. The Court permitted Plaintiff to file an Amended Complaint, ECF No. 2, which he did on July 16, 2021, ECF No. 5. The Court screened the Amended Complaint and permitted the Eighth Amendment claims to proceed. ECF No. 7.

On May 19, 2022, Plaintiff filed a motion for leave to file a Second Amended Complaint to add defendants and conditions of confinement claims arising out of his subsequent incarceration at Fishkill Correctional Facility and Collins Correctional Facility. ECF No. 31. Plaintiff also sought to add claims pursuant to 42 U.S.C. § 1985, the False Claims Act ("FCA"), and the Racketeering Influenced and Corrupt Organizations ("RICO") Act. Defendants informed the Court that they did not oppose the motion. ECF No. 33.

On October 13, 2022, Magistrate Judge Marian W. Payson granted Plaintiff's motion in part and recommended that it be denied in part. ECF No. 35. In her Report and Recommendation (the "R&R"), Judge Payson recommended that Plaintiff be denied leave to amend the complaint

to assert causes of action pursuant to RICO, FCA, and Section 1985; Judge Payson allowed Plaintiff to add the other claims.

Plaintiff objected to the R&R on October 27, 2022. ECF No. 40. Specifically, Plaintiff takes issue with Judge Payson's conclusion with respect to the Section 1985 claim. ECF No. 40 at 1. Defendants responded to Plaintiff's objections on November 7, 2022. ECF No. 44. For the reasons that follow, the Court overrules Plaintiff's objections, adopts Judge Payson's R&R, and denies Plaintiff's motion to amend to the extent he seeks to add FCA, RICO, and Section 1985 claims.

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 636(b)(1)(C), a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See also* Fed. R. Civ. P. 72(b)(2). When a party does not object to the R&R, however, the court will review it for clear error. *EEOC v. AZ Metro Distributors*, *LLC*, 272 F. Supp. 3d 336, 339 (E.D.N.Y. 2017) (quoting *Dafeng Hengwei Textile Co. v. Aceco Indus. & Commercial Corp.*, 54 F. Supp. 3d 279, 283 (E.D.N.Y. 2014)). "When performing such a 'clear error' review, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Boice v. M+W U.S., Inc.*, 130 F. Supp. 3d 677, 686 (N.D.N.Y. 2015) (internal quotation marks omitted). After conducting the appropriate review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## OBJECTIONS

Plaintiff's objections to the R&R "are related to his claim under 42 U.S.C. § 1985." ECF No. 40 at 1. Although Plaintiff's Second Amended Complaint only recites the elements of a

Section 1985 claim, his objections also assert that Defendants "met regularly during the Covid-19 pandemic" and that Defendants "were present together [made decisions, disseminated policy implementations, info about Covid, steps taken including related to this complaint] and therefore constituted meeting of minds [sic], an agreement to achieve/deny relief." ECF No. 40 at 1.

## DISCUSSION

42 U.S.C. § 1985(3) prohibits conspiracies "for the purpose of depriving . . . any person or class of persons of the equal protection of the laws." A plaintiff asserting a § 1985 claim must plausibly allege (1) a conspiracy, (2) for the purpose of depriving a person or class of persons the equal protection of the laws, (3) an act in furtherance of the conspiracy, and (4) an injury to person or property or a deprivation of a right or privilege. *Britt v. Garcia*, 457 F.3d 264, 269 n.4 (2d Cir. 2006). A "conspiracy" is "an agreement between two or more individuals where one acts in further[ance] of the objective of the conspiracy and each member has knowledge of the nature and scope of the agreement." *Morpurgo v. Inc. Vill. of Sag Harbor*, 697 F. Supp. 2d 309, 339 (E.D.N.Y. 2010). To that end, a "plaintiff must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end." *Duryea v. Cnty. of Livingston*, No. 06-cv-6436, 2007 WL 1232228, at *6 (W.D.N.Y. Apr. 26, 2007) (quoting another source). A plaintiff's "mere reference to a § 1985 claim is not sufficient to state a claim under this statute." *Radin v. Tun*, No. 12-cv-1393, 2015 WL 4645255, at *12 (E.D.N.Y. Aug. 4, 2015).

Here, aside from simply stating that Defendants "met regularly [and] were present together," ECF No. 40 at 1, Plaintiff does not allege any facts suggesting that Defendants agreed to an unlawful end, let alone any facts suggesting what that unlawful end was or the scope of such agreement. *See Radin*, 2015 WL 4645255, at *12 (adopting recommendation that amended

3

complaint be dismissed because "[p]laintiff did not specify the individuals or entities allegedly involved in any conspiracy, identify the actions that comprised any alleged conspiracy, or draw a connection between any alleged conspiracy and a deprivation of rights"). Accordingly, amending the complaint to allege a Section 1985 claim would be futile.

## CONCLUSION

The Court agrees with Judge Payson that Plaintiff's motion to amend the Amended Complaint to add a Section 1985 claim would be futile. The Court has reviewed the remaining portions of the R&R to which Plaintiff does not object for clear error. Finding none, the Court OVERRULES Plaintiff's objections, ADOPTS Judge Payson's R&R, and DENIES Plaintiff's motion to amend to the extent Plaintiff seeks to add claims under Section 1985, RICO, and the FCA. The Second Amended Complaint, ECF No. 26, is the operative pleading to the extent it is consistent with this Decision and Order and Judge Payson's Decision and Order.

IT IS SO ORDERED.

Dated: November 16, 2022
       Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York