UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────

SANJAY TRIPATHY,

                                 Plaintiff,            Case # 21-CV-6392-FPG

v.                                                          ORDER

ANDREA N. SCHNEIDER, et al.,

                                Defendants.
───────────────────────────────

       Under Magistrate Judge Payson's most recent scheduling order, fact discovery in this matter is set to conclude on July 17, 2023; expert discovery is set to conclude on January 18, 2024; and dispositive motions are due by March 20, 2024. ECF No. 62 at 1-2. On February 24, 2023, Defendants filed a motion for summary judgment, in which they also request that discovery be held in abeyance until disposition of the motion. ECF No. 82-12 at 1. In response, Plaintiff requested additional time to respond to the motion for summary judgment. ECF No. 83 at 1. He also opposes Defendants' stay request. *Id.* For the reasons that follow, Defendants' request for a stay is DENIED, and Plaintiff's request for an extension of time is GRANTED. Briefing on Defendants' summary judgment motion will proceed in accordance with the deadlines set forth below.

       "Under Federal Rule of Civil Procedure 26(c), a court may stay discovery for 'good cause.'" *TentandTable.com, LLC v. Aljibouri*, No. 22-CV-78, 2022 WL 2009528, at *1 (W.D.N.Y. June 6, 2022) (internal quotation marks omitted). "In evaluating whether there is good cause in a case with a pending dispositive motion, a court considers: (1) the strength of the dispositive motion; (2) the breadth of the discovery sought; and (3) the prejudice a stay would have on the non-moving party." *Id.* (internal quotation marks omitted). After considering these factors, the Court concludes that a stay is inappropriate.

1

On the first factor, "[t]he strength of the dispositive motion depends on whether the motion appears to show substantial grounds or does not appear to be without foundation in law." *Id.* (internal citation and quotation marks omitted). Defendants seek summary judgment primarily on two grounds: first, Plaintiff failed to exhaust his administrative remedies, ECF No. 82-12 at 7-11; and second, there is insufficient evidence to support his Eighth Amendment claims, *id.* at 11-23. At least based on Defendants' proffer, the Court cannot say that these grounds "appear to be without foundation in law." *Aljibouri*, 2022 WL 2009528, at *1. Therefore, the first factor supports a stay.

The second factor requires consideration of the breadth of the discovery sought. Defendants do not address this factor in detail. If anything, they seem to assert that discovery is nearly complete, though Plaintiff contends that there remain outstanding discovery demands. *Compare* ECF No. 82-12 at 1 (stating that Defendants "have submitted all requested documents through their Rule 26 disclosures and responses to Plaintiff's document discovery demands and requests for admission"), *and* ECF No. 84 at 1 (stating that "no further relevant documents are available to disclose"), *with* ECF No. 83 at 1. In any case, Defendants do not claim that responding to the remaining discovery requests would be unduly burdensome. For this reason, Defendants have not persuaded the Court that this factor supports a stay. If the parties have nearly completed discovery, it would be inefficient to impose a stay, which would create a risk of having to restart discovery after motion practice, thus further delaying resolution of this matter. The better course is to allow the parties to respond to any remaining discovery demands while briefing is ongoing.

The third factor directs the Court to consider the prejudice to Plaintiff. The Court agrees with Plaintiff that further delays of this matter would be prejudicial. Plaintiff filed his complaint in May 2021, and dispositive-motion practice is not set close until May 2024. ECF No. 62. A stay would only further delay this litigation, should the motion for summary judgment be denied.

Furthermore, while Defendants' exhaustion argument is premised on narrower factual grounds, their argument on the Eighth Amendment claims rest on a more expansive evidentiary record. Fairness to the nonmoving party, especially one who is proceeding *pro se*, favors providing Plaintiff with the time that has already been allocated to him under Judge Payson's amended scheduling order to pursue discovery. *Cf. Casaccia v. City of Rochester*, No. 17-CV-6323, 2020 WL 3316108, at *1 (W.D.N.Y. June 18, 2020).

Accordingly, the Court DENIES Defendants' request for a stay pending resolution of their summary judgment motion. *See* ECF No. 82-12 at 1.

With respect to Defendants' summary judgment motion, the Court hereby advises Plaintiff that Defendants asked the Court to decide this case without a trial, based on written materials, including affidavits, submitted in support of the motion. THE CLAIMS PLAINTIFF ASSERTS IN HIS COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF HE DOES NOT RESPOND TO THIS MOTION by filing his own sworn affidavits or other papers as Federal Rule of Civil Procedure 56(e) requires. An affidavit is a sworn statement of fact based on personal knowledge that would be admissible in evidence at trial.

Rule 56 provides that a plaintiff may NOT oppose summary judgment simply by relying upon the allegations in the Complaint. Rather, the plaintiff must submit evidence, such as witness statements or admissible documents, countering the facts the defendant asserts and raising issues of fact for trial. Any witness statements, which may include Plaintiff's own statements, must be in affidavit form. Plaintiff may submit affidavits that were prepared specifically in response to Defendants' Motion for Summary Judgment.

Any issue of fact that Plaintiff wishes to raise in opposition to the Motion for Summary Judgment must be supported by affidavits or other documentary evidence contradicting the facts Defendants asserted. If Plaintiff does not timely respond to the Motion for Summary Judgment

with affidavits or documentary evidence contradicting the facts Defendants asserted, the Court may accept Defendants' factual assertions as true. Judgment may then be entered in Defendants' favor without a trial.

Pursuant to Local Rules of Civil Procedure 7 and 56, Plaintiff must submit the following papers in opposition to this motion: (1) a memorandum of law containing relevant factual and legal argument; (2) one or more affidavits in opposition to the motion; and (3) a separate, short, and concise statement of the material facts as to which Plaintiff contends there exists a genuine issue to be tried. Without such a statement by Plaintiff, all material facts set forth in Defendants' Statement of Material Facts Not in Dispute will be deemed admitted. A copy of the Local Rules to which reference has been made may be obtained from the Clerk of Court or on the Court's public website at http://www.nywd.uscourts.gov.

Plaintiff's request for an extension of time (ECF No. 83) is GRANTED. Plaintiff's response to Defendants' motion for summary judgment is due by April 28, 2023. Defendants' reply is due by June 23, 2023.

IT IS SO ORDERED.

Dated:  March 7, 2023
        Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York