UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SANJAY TRIPATHY,

                              Plaintiff,           21-CV-6392-FPG

v.

                                                   DECISION AND ORDER

ANDREA N. SCHNEIDER, et al.,

                              Defendants.
_____

## INTRODUCTION

On May 20, 2021, Plaintiff Sanjay Tripathy filed this action seeking relief under 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act ("RA") regarding events which occurred while he was incarcerated at Gowanda Correctional Facility ("Gowanda"). ECF No. 1. Plaintiff alleges that Defendants exposed him to risks related to the COVID-19 pandemic in violation of his rights under the Eighth and Fourteenth Amendments, as well the ADA and RA. *Id*.

On December 15, 2022, Magistrate Judge Marian W. Payson issued an Amended Scheduling Order which stated that fact discovery was to be completed by July 17, 2023, expert discovery was to be completed by January 18, 2024, and that dispositive motions were to be filed by March 20, 2024. ECF No. 62. While fact discovery was under way, Defendants filed a motion for summary judgment on February 24, 2023. ECF No. 82. On March 7, 2023, the Court directed Plaintiff to respond to the motion by April 28, 2023, and the Defendants to reply by June 23, 2023. ECF No. 96. On March 9, 2023, Plaintiff filed a motion for discovery and Defendants responded. ECF Nos. 97, 98. The parties filed several subsequent motions in relation to the motion for discovery. *See* ECF Nos. 99, 101, 102-105.

On April 5, 2023, Plaintiff sought an extension of time to file his response to Defendants' motion for summary judgment, ECF No. 106, which Defendants opposed. ECF No. 107. Plaintiff

1

requested an extension of time to respond to Defendants' motion until after the discovery dispute is resolved. *See* ECF No. 106.

For the reasons set forth below, Defendants' motion for summary judgment, ECF No. 82, is DISMISSED WITHOUT PREJUDICE, with leave to refile after fact and expert discovery is complete, in accordance with the deadlines set in Magistrate Judge Payson's Amended Scheduling Order. *See* ECF No. 62.

## DISCUSSION

Under Rule 56(d), a court may deny a motion for summary judgment and "allow time … to take discovery" if the nonmovant "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d)(1)-(2). "Any such affidavit or declaration must describe: (1) what facts are sought and how they are to be obtained, (2) how such facts are reasonably expected to raise a genuine issue of material fact, (3) what efforts the affiant has made to obtain them, and (4) why the affiant's efforts were unsuccessful." *Parker v. Fantasia*, 425 F. Supp. 3d 171, 184 (S.D.N.Y. 2019) (internal quotation marks omitted).

Plaintiff has filed a sufficient declaration. *See* ECF No. 106. He avers that "unresolved and significant discovery issues pertaining to incomplete or untimely provided information" will "significantly impact [his] response to the defense's motion for summary judgment." *Id*. at 1-2. Plaintiff argues that "the unresolved discovery issues that are expected to have a significant impact" on his response are, *inter alia*: (i) information regarding COVID-19 vaccinations at Gowanda CF from January 2020 to March 2021, Fishkill CF and Collins CF until November 2022; (ii) weekly/monthly records of severe illness and death across all three facilities; (iii) visit and mail logs at all three facilities to determine meetings between the petitioner and defendants. *Id*. at 2. Plaintiff requests that the Court "suspend the timeline for the response to the defense's motion for summary judgment until [these] discovery issues have been resolved[.]" *Id*. Defendants contend

that they have "provided all information that Plaintiff demanded" and that they have "provided required information for [the] Court to decide" Defendants' motion.  ECF No. 107 at 1-5.

"Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery."  *Hellstrom v. U.S. Dep't of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000).  Because discovery is not complete, the Court declines to require Plaintiff to respond to Defendants' motion until the above-referenced discovery issues are resolved.  Defendants remain free to renew their motion for summary judgment, as well as any arguments it raises in connection with Plaintiff's present request, after fact and expert discovery is completed.  Given this case's procedural posture, Magistrate Judge Payson's prior Amended Scheduling Order, and the factual issues presented in the present request and the present motion for summary judgment, the Court finds the fairer and more efficient course is to permit discovery to conclude before addressing such issues.  *See Ajamian v. Nimeh*, No. 1:14-CV-0320, 2014 WL 6078425, *3 (N.D.N.Y. 2014) (recognizing the court's "inherent authority to control and manage its own docket); *see also Steuben Foods, Inc. v. Oystar Grp*., No. 10-CV-00780, 2015 WL 9275748, at *1 (W.D.N.Y. Dec. 21, 2015).  Therefore, discovery in this case shall continue and the Court shall address Defendants' summary judgment motion, should they choose to renew it or any additional arguments, after discovery is completed.  *See generally Schafer v. Direct Energy Servs*., LLC, No. 19-CV-6907-FPG, 2021 WL 5851189, at *5 (W.D.N.Y. Dec. 9, 2021).

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment, ECF No. 82, is DISMISSED WITHOUT PREJUDICE, with leave to refile after fact and expert discovery is completed, by March 20, 2024, in accordance with the deadlines set in Magistrate Judge Payson's Amended Scheduling Order.  *See* ECF No. 62.

IT IS SO ORDERED.

Dated: April 27, 2023
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York

4