UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SANJAY TRIPATHY,

                Plaintiff,

    -vs-

ANDREA N. SCHNEIDER, et.al.,

                Defendants.
_____

**DECLARATION IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

**21-CV-6392**

    **MUDITHA HALLIYADDE**, pursuant to 28 U.S.C. §1746, declares under penalty of perjury under the laws of the United States of America that the foregoing is true and correct:

    1. I am an Assistant Attorney General, of counsel to Letitia James, Attorney General of the State of New York and, in that capacity, I represent the Defendants Akinola Akinyombo, Edward Burnett, Shahid Haque, Leanne Latona, Donald Lockwood, Richard Moffit, Andrea Schneider, and Sharon Frost, in the above captioned proceeding.

    2. I make this Declaration in opposition to Plaintiff's recent "motion compelling discovery and disclosures in light of the insufficiency of the responses (#121) provided by Defendants in response Plaintiff's demands (#110)", *(See* Docket No. 124), based upon communication with my client, DOCCS facilities, my personal knowledge and review of the file.

    3. Preliminarily, Plaintiff's motion should be denied as it does not include the required certification that he "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Plaintiff's motion to compel is therefore procedurally improper.

    4. Next, the pursuant to the scheduling order issued on December 15, 2022, the discovery was to be completed by July 17, 2023, and motions to compel discovery was due by August 16, 2023. *See* Docket No. 62. Party must file a motion to compel before the close of

discovery and if it fails to do so, the motion will be deemed untimely. Accordingly, Plaintiff's motion to compel should be dismissed as untimely.

5. Nevertheless, for the sake of thoroughness, I will address Plaintiff's requests below.

6. Demand No. 13 of Plaintiff's discovery request dated April 28, 2023 states: "I am requesting the visit and mail logs for the Law Library/RMU/Dispensary and Dorms (Gowanda - AN2; Fishkill - 11/1, 9/1, 21; Collins - D1/D3/D4) for the respective defendants at Gowanda CF (between January 2020 and January 2021), Fishkill CF (between January 2021 and October 2021), and Collins CF (between October 2021 and November 2022). These logs will confirm the presence of the defendants when the petitioner was present, and the mail logs will confirm that the petitioner indeed wrote and communicated with these defendants". Docket No. 110 at Demand no. 13.

7. On May 26, 2023, Defendants responded to Plaintiff's Docket No. 110 with proper objections. *See* generally Docket No. 121.

8. Gowanda Correctional Facility visit logs for dorms and law library: Defendants already provided a full and fair response with objections (*see* Docket No. 121 at responses to demand No. 13). As very clearly explained, there are approximately 8 logbooks for the housing unit at the Gowanda Correctional Facility alone and each logbook is about 300 pages which amounts to more than 2400 pages for the facilities housing unit only. There is similar number of pages for the law library logbooks. The documents may have personal information of other incarcerated individuals which needs to be redacted prior to production. Defendants clearly objected to this request as overly burdensome and further requested Plaintiff to identify specific dates and times that he requests logbooks.  Plaintiff has never identified the dates that he

allegedly met with any of the Defendants and likewise failed to identify specific dates that he requests visit logs or specific dates that he visited the law library.

9. Collins Correctional Facility <u>visit logs</u> for dorms and law library: Defendants already provided a full and fair response with objections (*see* Docket No. 121 at responses to demand No. 13). As very clearly explained, upon information and belief, there are approximately 8 logbooks for the housing unit at the Collins Correctional Facility and each logbook is nearly 300 pages which amounts to more than 2000 pages for the facilities housing unit only. Upon information and belief, there is similar number of pages for the law library logbooks as well. The number of all logbook pages for one facility could be nearly 5,000 pages, and for all facilities, it could possibly be doubled. Additionally, the documents may have personal information of other incarcerated individuals which needs to be redacted prior to production which involves attorney time. Defendants clearly objected to this request as overly burdensome and further requested to identify specific dates, places and times that he requests logbooks. Plaintiff has failed to identify the dates that he allegedly met with any of the Defendants and likewise failed to identify the dates that he visited the law library.

10. Fishkill Correctional Facility <u>visit logs</u> for dorm and law library: Defendants already duly objected to this request as overbroad and unduly burdensome (*see* Docket No. 121 at response to demand No. 13). Defendants however provided Plaintiff with more than 400 pages of Dorm visit logs and law library logbook pages of Fishkill Correctional Facility (*see* Docket No. 121, Exhibits C1, C2, C3). These pages included all law library logbooks pages as well and visit logbook pages. Upon information and belief there is no separate law library inmate logbooks are being maintained by the facility.

11. Plaintiff claims that "Dorm logs for <u>the CO</u> are not provided" (*see* Docket No. 124 at page 4). <u>This is the first time Plaintiff demands Fishkill "Dorm logs for *the* CO"</u> and he fails to identify the dates he allegedly met with "the CO" and the name of "the CO' he refers in this new demand made in his motion to compel. *See* Docket 110 at Demand No. 13. Plaintiff has failed to demand Fishkill logbooks for Corrections Officers and to the extent Plaintiff claims that he demanded Fishkill Corrections officer logbooks, Defendants objects to this request as overbroad and unduly burdensome. Upon information and belief, there is 10 dorm CO logbooks containing 304 pages each which comes to total 3040 pages in total.

12. Plaintiff, <u>for the first time</u>, in his motion to compel, Plaintiff demands Fishkill law library clerk logbooks. Defendants object to this request as overbroad, unduly burdensome and irrelevant. Upon information and belief, there are two law library clerk sign-in books for the period concerned containing 512 pages each, the total number of pages would be 1024 pages.

13. Plaintiff's request for total number of pages over 4000 from Fishkill Correctional Facility is unfair, extremely overbroad and unduly burdensome to Defendants. Importantly, some of Plaintiff's demands were not made prior to the discovery deadline.

14. Plaintiff further demands <u>for the first time</u> in his motion to compel that the logbooks be provided in "text-searchable electronic format". This request is unreasonable and overly burdensome. Documents are being produced in the exact format that defense counsel received from the DOCSS facilities and formats cannot be changed for Plaintiff's convenience. Defendants provided more than 1538 pages on May 26, 2023 (*see* generally Docket No. 121) in the format that maintained by the facilities.

15. Mail logs from Gowanda, Fishkill and Collins Correctional Facilities. Plaintiff demands mail logs to establish that he communicated with Defendants and provided them with

information, including grievances, letter and related documents. Plaintiff apparently attached all letters, grievances, correspondence that he allegedly sent to certain individuals. Upon information and belief, facilities do not maintain "sent mail logs" to keep track to whom incarcerated individuals send mail.

16. Medical COVID-19 Audit Records. As clearly indicated in Defendants' previous submissions, there are no COVID-19 medical audits conducted by the Department of Correctional and Community Supervision. A party cannot be compelled to produce materials that do not exist. *See Shcherbakovskiy v. Da Capo Al Fine, Ltd*., 490 F.3d 130, 138 (2d Cir. 2007) ("[A] party is not obliged to produce, at the risk of sanctions, documents that it does not possess or cannot obtain.").

17. Plaintiff demands COVID-19 related grievances and complaints (*see* Docket No. 110 at demand 10): Defendants already provided full and fair response to this demand. With regards to Plaintiff's request for grievances and appeals, Defendants submitted a full and fair answer and referred to Docket No. 102 in which Defendants already provided COVID-19 related CORC decision list. *See* Docket No. 121 at answer to demands no. 10. With regards to the demands for complaints (*see* Docket No. 110 at demand 11), Defendants submitted a full and fair response (*see* Docket No. 121 at response to demands No. 11).

18. In question 15 of documents demand dated April 28, 2023, Plaintiff requests "I am requesting any emails and communications related to COVID-19, especially those related to the implementation, challenges, and failure of COVID-19 policies. This includes but is not limited to communications with experts, government agencies, local agencies, and any other relevant parties during the relevant period. This information is required for all Defendants and DOCCS Albany Senior Staff." Without waiving any specific or general objections, Defendants

5

fully responded to this request (*see* Docket No. 121 at response to demand no. 15). This request is overly burdensome and not relevant to the matters raised in the complaint. Further, the named Defendants do not have possession, custody, or control over DOCCS email system and thus cannot produce all emails that may have been sent or received by DOCCS employees at facilities regarding COVID-19. Upon information and belief if any search to be done with general search term "COVID-19", there will be thousands of emails will come-up, which may not be relevant to the issues raised in the complaint. Production of such an excessive number of emails to Plaintiff needs redactions of personal information of other individuals which will be unduly burdensome, especially given the lack of employees at DOCCS facilities. There is no email communication regarding Plaintiff's COVID-19 exposure because <u>Plaintiff was not infected with COVID-19 at anytime during his incarceration</u>.

19.  While preserving all other objections raised, Defendants already provided hundreds of pages of responsive materials to Plaintiff, *see* Docket Nos. 80, 23, 42, 51, 59, 102, 103. Plaintiff's continuous demands are unreasonable and not relevant to the issues raised in the complaint.

20. Upon information and belief, the facilities have staff shortage and providing nearly 15,000 pages of documents is overly burdensome. However, if Plaintiff identifies the dates that he allegedly met with any of the defendant and the locations, Defendants can provide the relevant logbook pages.

21. Additionally, the purpose of Plaintiff's request for visit logs from all three facilities is to confirm the presence of the Defendants when Plaintiff was present. *See* Docket No. 110 at Demand No. 13. However, even if there is an instance where any of the Defendants signed a logbook on the same days as the Plaintiff, that alone does not suggest, without more, that

Plaintiff communicated with Defendants about any of his alleged concerns. Plaintiff has failed to reasonably justify his demand for this excessive number of documents.

22. Next, Plaintiff alleges that defense counsel has not provided him with documents that has "text searchability and completeness". Defense counsel has provided, as usual practice, the documents in the format received from the DOCCS and its facilities. Defense counsel has thus far provided Plaintiff with thousands of documents and responded to all demands in good faith and with available documents. Plaintiff is a prose litigant and the Court allowed him to participate in e-filing via ECF/CM, enabling Plaintiff to file all communication and requests in ECF/CM. Defense counsel has responded to all ECF/CM filings like in any other federal case. Plaintiff has failed to file any requests to resolve his discovery demands dated April 28, 2023, nor has he communicated with defense counsel to resolve prior to filing this untimely motion to compel.

23. Most importantly, Plaintiff has failed to file this motion to compel prior to the discovery deadline. Therefore, Plaintiff's untimely motion to compel should be dismissed on this basis alone.

Dated: September 25, 2023
       Rochester, New York

                              LETITIA JAMES
                              Attorney General of the State of New York
                              *Attorney for Defendants*

                              s/*Muditha Halliyadde*
                              Muditha Halliyadde
                              Assistant Attorney General, of Counsel
                              NYS Office of the Attorney General
                              144 Exchange Boulevard, Suite 200
                              Rochester, New York 14614
                              Telephone: (585) 546-7430
                              Muditha.Halliyadde@ag.ny.gov

## CERTIFICATE OF SERVICE

I certify that on September 25, 2023, I electronically filed the foregoing Declaration on behalf of Defendants with the Clerk of the District Court using CM/ECF system, which sent notification of such filing to the following:

Sanjay Tripathy
2013 Jadewood Drive,
Morrisville, NC 27560
Email: sanjay.tripathy@gmail.com

                                    LETITIA JAMES
                                    Attorney General of the State of New York
                                    *Attorney for Defendants*

                                    s/*Muditha Halliyadde*
                                    Muditha Halliyadde
                                    Assistant Attorney General, of Counsel
                                    NYS Office of the Attorney General
                                    144 Exchange Boulevard, Suite 200
                                    Rochester, New York 14614
                                    Telephone: (585) 546-7430
                                    Muditha.Halliyadde@ag.ny.gov