UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

SANJAY TRIPATHY,

                                Plaintiff,

      v.

ANDREA N. SCHNEIDER, et al.,

                                Defendants.

_____

**DECISION & ORDER**

21-CV-6392FPG

## PRELIMINARY STATEMENT

Plaintiff Sanjay Tripathy ("Tripathy") filed this action against defendants pursuant to 42 U.S.C. § 1983, alleging that he was subjected to unconstitutional conditions of confinement in violation of his Eighth Amendment rights while incarcerated at Gowanda Correctional Facility.[1] (Docket ## 1, 5, 7). On October 14, 2022, Tripathy filed a Second Amended Complaint adding additional conditions of confinement claims against additional defendants arising out of his subsequent incarceration at Fishkill Correctional Facility and Collins Correctional Facility. (Docket ## 35, 36, 49).

Currently pending before this Court are several motions filed by the parties concerning Tripathy's discovery demands served in this matter. (Docket ## 97, 98, 112, 118, 124). Specifically, on March 9, 2023, Tripathy filed a motion to compel identifying disputes concerning the defendants' responses to his requests for admissions and documents demands. (Docket # 97). The same day, defendants cross-moved for a conference with the Court to resolve

---

[1] Tripathy also asserted Eighth Amendment inadequate medical care claims and claims pursuant to the Americans with Disabilities Act, the Rehabilitation Act, and the Fourteenth Amendment, but those claims were dismissed. (Docket ## 5, 7).

the parties' discovery issues.  (Docket # 98).  On May 1, 2023, Tripathy filed a motion that this Court interprets as seeking disqualification of defendants' counsel and a protective order.  (Docket # 112).  Four days later, Tripathy moved for the issuance of a non-party subpoena for the deposition of Carol Moores, the Deputy Commissioner and Chief Medical Officer of the New York State Department of Corrections and Community Supervision ("DOCCS").  (Docket # 118).  Finally, on September 8, 2023, Tripathy filed a second motion to compel.  (Docket # 124).  These motions are discussed below.

I. **Motions to Compel and for Court Conference (Docket ## 97, 98, 124)**

The parties' disputes primarily concern discovery demands propounded by Tripathy in January 2023 and his supplemental demands served on April 28, 2023.  (Docket ## 67, 110).  Resolution of these relatively routine discovery disputes has been made unnecessarily complicated by the parties' failure to fulfill their obligations to confer in good faith to attempt to resolve disputes before seeking court intervention, resulting in the multiple and repetitive filings currently before the Court.  (Docket ## 97, 98, 99, 104, 105, 110, 124, 126, 127).

On January 24, 2023, Tripathy served defendants with a request for production of documents.  (Docket # 67).  Two days later, Tripathy served them with requests for admissions.  (Docket # 69).  Defendants responded to the document demands and requests for admission on February 21, 2023.  (Docket ## 72-80).  It appears that defendants served their responses to the document requests both electronically and by mail.  (*Id.*).

On February 24, 2023, Tripathy served a duplicate set of requests for admissions.  (Docket # 85).  In his enclosure letter, Tripathy requested that defendants respond to the requests

2

for admissions without altering the language of the requests. (*Id.*). Defendants served their responses to those requests on February 28, 2023. (Docket ## 87-94). Because Tripathy had been granted leave to file electronically in this matter (Docket # 70), defendants served Tripathy by filing the responses electronically but did not mail them to his address. (Docket # 98 at 2).

       On March 9, 2023, at 11:39 a.m., Tripathy sent an email to counsel for defendants identifying issues with defendants' discovery responses and requesting a telephone conference to discuss the disputes. (Docket # 97-4). Specifically, Tripathy indicated that he was unable to access docket entries 87 through 94 on the Court's electronic docket, and he requested that defendants' counsel email him timestamped copies of those filings. (*Id.*). He also asked to discuss the "pending discovery requests" relating to "grievances, lawsuits, settlements, and Defendants disciplinary records, and email/other communications pertaining to [his] complaint/grievances between DOCCS Officials/Defendants." (*Id.*). Tripathy also indicated that he intended to retain two experts and to depose DOCCS' Chief Medical Officer and the senior medical staff for each of the three facilities. (*Id.*).

       Defendants' counsel, Muditha Halliyadde, Esq., responded at 11:47 a.m. and indicated that there were "no pending discovery requests" and referred Tripathy to defendants' February 21, 2023 responses to his document demands. (*Id.*). Tripathy responded at 12:03 p.m. and informed Halliyadde that he was unable to access docket entry 80 and requested that she email him a copy. (*Id.*). A moment later Tripathy also requested a copy of docket entries 87 through 94. (*Id.*). Approximately one hour later, at 1:13 p.m., on March 9, 2023, Tripathy filed the pending motion to compel. (Docket # 97).

       In his motion, Tripathy maintains that defendants responded to his requests for admissions but failed to provide him with a courtesy copy. (*Id.*). He further maintains that he is

unable to access the documents on the Court's electronic docket. (*Id.*). With respect to his document demands, Tripathy maintains that defendants failed to produce several categories of documents including "grievances, lawsuits, settlements, and Defendants disciplinary records, and email/other communications pertaining to complaint/grievances between DOCCS Officials/Defendants, DOCCS Covid-19 data for infections, hospitalizations, death, major medical issues in the context of the complaint." (*Id.*). Tripathy contends that he attempted to confer in good faith with defendants' counsel but was "unable to make headway" and requests a Court conference to address the deficiencies. (*Id.*).

    Defendants responded to Tripathy's motion on March 9, 2023. (Docket # 98). They likewise request a conference with the Court to resolve discovery issues. (*Id.*). Halliyadde asserts that Tripathy has been granted permission to electronically file documents in this matter and that defendants should not be responsible for providing him with time-stamped copies of documents that are equally accessible to him. (*Id.*). She also represents that defendants have provided written responses to all of Tripathy's discovery demands. (*Id.*). Finally, she requests that the Court "instruct [Tripathy] to refrain from communicating with Defense Counsel via email." (*Id.*). In her submission, Halliyadde did not address any of the specific discovery disputes raised by Tripathy about "grievances, lawsuits, settlements, and Defendants disciplinary records, and email/other communications pertaining to complaint/grievances between DOCCS Officials/Defendants, DOCCS Covid-19 data for infections, hospitalizations, death, major medical issues in the context of the complaint."

    Several days later, on March 16 and 17, defendants supplemented their responses to Tripathy's document demands. (Docket ## 102, 103). Specifically, defendants supplemented their responses to Tripathy's document requests 2 and 7, which sought information pertaining to

Covid-19 infections, quarantines, hospitalizations, testing, vaccines, and deaths at the relevant facilities during the relevant time period (Demand No. 2) and complaints, grievances, and lawsuits related to Covid-19 (Demand No. 7).

On March 31, 2023, Tripathy supplemented his motion to compel, contending that defendants' responses remain deficient despite their supplemental responses.  (Docket # 104). Defendants responded the same day; they argue that they fully responded to Tripathy's discovery demands and that it is unclear what other documents Tripathy seeks.  (Docket # 105).

On April 28, 2023, Tripathy sent a letter to Halliyadde in an attempt to address the outstanding discovery disputes.  (Docket # 110).  Halliyadde interpreted the letter as a second set of document requests, and defendants responded on May 26, 2023, prompting Tripathy's second motion to compel.  (Docket ## 121, 124).  Review of Tripathy's motion demonstrates that some, but not all, of the concerns raised by Tripathy have been resolved.  Stated another way, only after multiple, repetitive filings with the Court were the parties' disputes properly narrowed and ripe for resolution by the Court.

Of course, the applicable rules of civil procedure require the parties to confer or attempt to confer in good faith to try to resolve discovery disputes without court intervention before filing a motion to compel.  Fed. R. Civ. P. 37(a)(1).  To verify that the requirement has been satisfied, Rule 37(a)(1) obligates a party filing a motion to compel to "include a certification" that the movant has in good faith conferred or attempted to confer with the opposing party or counsel.  Fed. R. Civ. P. 37(a)(1).  The parties are reminded that they must engage in good faith and genuine efforts to identify and resolve any disputes prior to seeking Court intervention.  The Court expects the parties to work cooperatively to resolve disputes prior to seeking the Court's involvement.  I turn now to the narrowed issues before the Court.

### A. Request for Court Conference

Several of the submissions relating to the discovery disputes request a conference with the Court. (*See*, *e.g.*, Docket ## 97, 98, 104, 124). Having reviewed the submissions, I conclude that oral argument is not necessary and the issues properly before the Court may be resolved on the submissions. Accordingly, any requests for a court conference are denied.

### B. Timeliness of the Pending Motion

Defendants challenge Tripathy's second motion to compel (Docket # 124) on the grounds that it is untimely because it was filed after the court-ordered August 16, 2023 deadline for motions to compel. (Docket # 126 at ¶ 4 (citing Docket # 62)). As the procedural history recounted above shows, Tripathy raised many of the same discovery issues in his first motion to compel, which was filed well before the deadline. On this record, I disagree with defendants that the pending motions are untimely.

### C. Courtesy Copies of Discovery Responses

The primary impetus behind the premature filing of Tripathy's original motion to compel appears to have been Tripathy's inability to access the discovery responses that defendants electronically served by filing them on this Court's electronic docket. (Docket # 97). Tripathy suggests that defendants are required to provide him with courtesy copies of their electronic filings, while defendants maintain Tripathy is responsible for obtaining them through the Court's electronic docket. (*Compare* Docket # 97 at ¶ 1 *with* Docket # 98 at 2).

Rule 5 of the Federal Rules of Civil Procedure provides that a *pro se* litigant "may file electronically only if allowed by court order or by local rule." Fed. R. Civ. P. 5(d)(3)(B)(i). The Local Rules of Civil Procedure for the Western District of New York incorporate by reference the Court's CM/ECF Administrative Procedures Guide ("the Guide"), which in turn

provides the requirements and procedures for electronic filing. *See* W.D.N.Y. Local Rule 5.1(a). The Guide allows the Court, in its discretion, to "grant a pro se litigant who demonstrates a willingness and capability to file documents electronically, permission to register to do so." W.D.N.Y. Administrative Procedures Guide for Electronic Filing, Administrative Procedures. Such permission, however, "may be revoked at any time." (*Id.*).

Pursuant to the Administrative Procedures Guide, users who register for electronic filing "consent to the electronic service of all documents." *See* W.D.N.Y. Administrative Procedures Guide for Electronic Filing § 2(F)(i). Accordingly, because Tripathy has been authorized as an electronic filer in this action, he has consented to electronic service of all documents filed with the Court, and defendants are not required to send him courtesy copies of those documents. To the extent Tripathy is unable to access any of the documents on this Court's electronic docket, he should contact the Clerk's Office at (585) 613-4000, to obtain assistance in accessing those documents.

D. **Facility Visit Logs**

Tripathy seeks to compel production of all "visit logs" for his dorm and the law library at each facility throughout his entire period of incarceration. (Docket ## 104 at ¶ 14; 110 at ¶ 13; 124 at 3-4; 127 at ¶¶ 1-3). He also maintains that defendants should be required to produce the handwritten logs in a text searchable format. (*Id.*). Tripathy alleges that throughout his incarceration he complained to the defendants during times when they were present in his dorm or in the law library. (*Id.*). Thus, Tripathy contends that the visit logs are relevant to establish that he and the defendants were present in the same locations at the same time. (*Id.*).

In response to the request, defendants produced several logs from the Fishkill facility, including the logbook signed by corrections officers entering or leaving the law library

7

and the logbook signed by inmates entering or leaving the dorm.  (Docket ## 121 at ¶ 13; 121-5; 121-6; 121-7).  Tripathy quarrels with the adequacy of the production because it omitted the inmate "clerk" library visit log, which is the log he allegedly would have signed, and the logbook recording corrections officers' entries to and departures from the dorm area.  (Docket # 124 at 3-4).  Defendants counter that Tripathy's request is unduly burdensome and would require production of an additional 4,064 pages.  (Docket # 126 at ¶¶ 11-12).  Likewise, defendants object to Tripathy's request that the logbooks be produced in a text searchable format, noting that they produced copies of the handwritten logbooks in the form in which they are maintained by the facilities.  (*Id.* at ¶ 14).

Defendants also objected to producing the requested logs from Collins and Gowanda on the grounds that doing so would be unduly burdensome.  (Docket # 126 at ¶¶ 8-9).  According to defendants, the requested visit logs consist of approximately 10,000 pages, most of which include personal information relating to other incarcerated individuals that would need to be redacted.  (*Id.*).  Defendants suggested that Tripathy narrow his request to specific dates on which he maintains he interacted with the defendants.  (*Id.*).  According to Tripathy, he is unable to identify any specific date, and he reiterates his request for the entire logs.  (Docket # 124 at 3).

Rule 26 of the Federal Rules of Civil Procedure provides that the scope of discovery is limited to information that is relevant to the parties' claims and defenses "and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  Pursuant to this rule, "proportionality and relevance are 'conjoined' concepts; the greater the relevance of the information in issue, the less likely its discovery will be found to be disproportionate."  *Holland v. Lions Gate Ent. & Films*, 2023 WL 3554832, *2 (S.D.N.Y. 2023) (internal quotations omitted).  I agree with defendants that the log requests are not proportional to the needs of the

case. Production would be quite burdensome and the information sought has limited relevance to the claims and defenses in this action. As defendants note, at most the logs would establish that plaintiff and defendants were in the same vicinity, not that they interacted or the substance of any such interaction. That said, defendants should not be permitted to prevent Tripathy from resorting to the logs to establish that he was in the same location as the defendants if they intend to offer testimony or other evidence denying that they ever were in proximity to Tripathy during his incarceration. **Accordingly, on or before November 30, 2023, defendants must either produce the visit logs or stipulate that they will not contest that they were sometimes in the same facility location as Tripathy.**

I agree with defendants that they are not required to convert any of the handwritten logs into a text searchable format.

### E. Facility Mail Logs

Tripathy seeks an order compelling production of the mail logs at each facility during his periods of incarceration. (Docket ## 104 at ¶ 14; 110 at ¶ 13; 124 at 4; 127 at ¶ 4). According to Tripathy, he corresponded with each of the defendants and the mail logs, which he understands reflect entries for internal and external mail sent by inmates, are relevant to establish that he sent those communications. (*Id.*). Defendants responded, "[u]pon information and belief, facilities do not maintain 'sent mail logs' to keep track to whom incarcerated individuals send mail." (Docket # 126 at ¶ 15). Tripathy counters that, to the best of his knowledge, "mail logs are maintained in the mail room for internal/external mail by inmates." (Docket # 127 at ¶ 4).

Although the Court cannot compel production of documents that do not exist, *Breedlove v. Mandell*, 2008 WL 596864, *2 (W.D.N.Y. 2008) (denying motion based on party's representation that it had no record of requested document because the "[c]ourt cannot compel

production of what does not exist") (quoting *Am. Banana Co. v. Republic Nat'l Bank of New York, N.A.*, 2000 WL 521341, *3 (S.D.N.Y. 2000)), defendants' counsel's representation based upon information and belief, rather than upon personal knowledge, is not sufficient to establish that the logs are not within the possession, custody, and/or control of the defendants. **Accordingly, on or before November 30, 2023, defendants must provide an affidavit from someone with personal knowledge to attest that a diligent search for each facility's mails logs has been conducted and that no responsive documents were located.**

  F.  **Audit Records**

    In his most recent motion to compel, Tripathy seeks an order compelling defendants to produce "Medical and Covid-19 Audit Records," including internal or outside audits. (Docket # 124 at 4-5). Although Tripathy does not specifically identify the request that seeks this information, he likely seeks it in response to his demand for "any and all documents, information and data pertaining to any Covid-19 experts, studies, compliance and operational audits by experts, staff, government officials, or third parties, especially at Gowanda, Fishkill and Collins." (Docket # 80 at ¶ 5).

    Defendants maintain that there are no Covid-19 medical audits that have been conducted by DOCCS. (Docket # 126 at ¶ 16). Of course, the demand by Tripathy also seeks audits conducted by outside agencies or persons. **Accordingly, on or before November 30, 2023, defendants must provide an affidavit from someone with personal knowledge to attest that a diligent search for all medical Covid-related audits at the relevant facilities has been conducted and that all responsive information in the possession, custody, and/or control of the defendants has either been produced or that responsive information was not located. To the extent any responsive information exists but defendants object to**

**producing such information, they must clearly state the basis of their objections and that they are withholding responsive information on the basis of those objections.**

### G. Covid-Related Grievances and Complaints

Tripathy seeks to compel additional information in response to two of his document demands:

> [C]opies of all grievances and appeals related to Covid-19, as well as any decisions made in the relevant period.
>
> [A]ny information regarding settlements, lawsuits, and complaints related to medical issues that have occurred within the last 5 years.

(Docket # 110 at ¶¶ 10, 11).  In response, defendants produced Tripathy's grievances relating to Covid-19, as well as documents reflecting the response to those grievances and the subsequent appeals.  (Docket ## 23 at 2; 23-1 at 19-86; 51; 59).  Defendants also provided a list of Covid-related grievances that had been appealed and resolved by the Central Office Review Committee ("CORC").  (Docket ## 102 at 23-25; 121 at ¶ 10; 126 at ¶ 17).  Finally, defendants provided a list of Covid-related lawsuits.  (Docket ## 102 at 26; 121 at ¶ 11).

Defendants have represented that there have been "no settlements made with regard to Covid-19 matters" and have objected to providing all Covid-related grievances on the grounds that to do so would be unduly burdensome and that such documents contain personal, confidential, and HIPPA-protected information concerning other inmates.  (Docket # 121 at ¶ 11).  According to defendants, because grievances are maintained in each individual inmate's file and are not organized by subject matter, production of such grievances would impose a significant burden.  (*Id.*).  Moreover, because the grievances concern Covid-related complaints, they likely contain sensitive medical information of the grievant.  (*Id.*).

11

Tripathy maintains that production of a list of CORC decisions is underinclusive because many grievances are not appealed to CORC. (Docket # 127 at ¶ 6). Additionally, he contends that he requires the documents underlying the CORC decisions, not merely a list of those grievances that resulted in a CORC determination. (*Id.*). With respect to confidentiality concerns, Tripathy suggests that personally-identifying information may be redacted prior to production. (*Id.*).

I agree with defendants that limiting production to the CORC Covid-related determinations is appropriately proportional to the needs and issues raised by this case. *See Reyes v. Wenderlich*, 2017 WL 1176085, *3 (W.D.N.Y. 2017) ("[plaintiff's] request for all grievances against the defendants is overly broad and not proportional to the needs and issues raised by the litigation"). I agree with Tripathy, however, that a list of those decisions without production of the CORC determinations and related underlying documents does not provide Tripathy with the relevant information he seeks in support of his claims. **Accordingly, on or before November 30, 2023, defendants shall produce the CORC determinations and related underlying documents associated with the list of CORC appeals previously produced by defendants (Docket # 102 at 23-25). Prior to production, defendants shall redact all personally-identifiable or medically-sensitive information from the documents.**

H. **Covid-Related Communications**

Tripathy also seeks to compel defendants to produce:

> [A]ny emails and communications related to Covid-19, particularly those related to policy implementation, challenges, and failures. This encompasses communications with experts, government agencies, local agencies, and any other pertinent parties during the relevant period. This information is required for all Defendants and DOCCS Albany Staff.

(Docket # 127 at ¶ 7).

Defendants have objected to this request on the grounds that it is overbroad and unduly burdensome. (Docket # 126 at ¶ 18). According to defendants, they have already produced all Covid-related "protocols, policies, and procedures," including the "protocols followed by DOCCS facilities and [the] implementation of such protocols." (Docket ## 80 at ¶ 3; 105 at ¶ 6). With respect to production of emails and internal communications, defendants maintain that a request for any communications relating to Covid-19 is extremely broad and that any search for such communications would result in the identification of "thousands of emails," many of which would have little relevance to the issues in this litigation. (Docket # 126 at ¶ 18).

I agree with defendants that Tripathy's request as drafted is overbroad; his subsequent submissions do not narrow the requests or articulate the precise information he is seeking that is absent from the documents already produced to him. Accordingly, I deny Tripathy's motion to compel a further response to this demand.

## II.    Motion for Disqualification and for Protective Order (Docket # 112)

Several of Tripathy's submissions complain about Halliyadde's conduct in litigating this matter, accusing her of being "derogatory, rude, and unprofessional" and acting in bad faith. (*See generally* Docket ## 99, 104, 112, 124). Tripathy's primary complaint appears to be Halliyadde's expressed preference for communicating with him by mail, rather than by email or telephone. Tripathy also accuses Halliyadde of purposefully delaying defendants' discovery productions and limiting defendants' production with the intent of "obfuscating" his "legitimate discovery demands." (Docket # 124 at 6).

To the extent that Tripathy's submissions can be interpreted as requesting the disqualification of Halliyadde (*see*, *e.g.*, Docket # 112 at 4 (asking the Court to intervene by

requesting the New York State Attorney General "to appoint alternate [d]efense counsel")), that request is denied. The Court further declines to order that the parties confer in the manner proposed by Tripathy. According to Halliyadde, Tripathy engaged in a "practice" of sending "hasty emails" and expecting "swift responses to his emails from defense counsel." Halliyadde communicated to Tripathy her preference that their conferrals be conducted through written correspondence sent by mail. (Docket ## 105 at ¶ 22; 114 at 1-2).

Review of the record demonstrates little support for Tripathy's allegations of improper conduct by Halliyadde. Although her initial response to his request to confer was terse, as the procedural history summarized above demonstrates, Tripathy filed his first motion to compel within two hours of Halliyadde's email response. (Docket ## 97; 105 at 12-15). On this record, I decline to compel Halliyadde to communicate by email or telephone; old-fashioned communication through written correspondence is sufficient and may help to ensure that disputes are addressed in an ordered and organized manner, rather than in a piecemeal fashion.

To the extent Tripathy's submissions can be interpreted to seek a protective order precluding defendants from obtaining information relating to his underlying conviction (*see, e.g.*, Docket ## 104 at ¶ 4; 110 at ¶ 3; 112 at ¶ 3), that request is also denied. Tripathy maintains that Halliyadde has improperly requested information concerning the crimes for which Tripathy was incarcerated. (Docket # 104 at ¶ 4). According to Tripathy, his conviction now has been reversed and he has been "exonerated." (*Id.*). Thus, he maintains, the underlying crime is not relevant to the issues being litigated in this matter. (*Id.*). Halliyadde's response does not address the relevance of Tripathy's criminal conviction and indicates she is unable to respond because it is unclear when she requested such information from Tripathy. (Docket # 114 at 2). In reply,

14

Tripathy maintains that Halliyadde repeatedly asked about his conviction during his deposition, the transcript of which, he contends, is available on the electronic docket.[2] (Docket # 116 at ¶ 2).

"The burden is on the movant to demonstrate the necessity for the issuance of a protective order." *Marseet v. Rochester Inst. of Tech.*, 2023 WL 1097969, *7 (W.D.N.Y. 2023) (internal quotations omitted).  The submissions before the Court do not provide any information concerning Tripathy's conviction, nor has Tripathy provided any evidence to support his assertions that his conviction was reversed or that he has been "exonerated."  In addition, without further information, the Court cannot determine whether information about the crimes for which he was prosecuted might lead to the discovery of relevant information, even if the conviction or charges may be determined to be inadmissible at trial.  Accordingly, on the record before the Court, Tripathy has not satisfied his burden of establishing his entitlement to a protective order with respect to information about his underlying conviction.

### III.    Motion for Non-Party Subpoena (Docket # 118)

Finally, I turn to Tripathy's request that the Court issue a subpoena to nonparty Carol Moores, the Deputy Commissioner and Chief Medical Officer for DOCCS.  (Docket # 118).  Tripathy contends that Moores, as Chief Medical Officer for DOCCS, could provide information concerning DOCCS's agency-wide Covid-19 policies and procedures.  (Docket # 120 at ¶ 2).  Defendants oppose the motion on the grounds that, to the extent Tripathy intends to conduct a deposition concerning DOCCS's state-wide policies, he should serve a deposition notice pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, which would permit DOCCS to designate the appropriate deponent or deponents.  (Docket # 119).

---

[2] Tripathy also maintains that information concerning his conviction was included in defendants' motion for summary judgment.  (Docket # 116 at ¶ 2).  That motion was denied without prejudice by the district court.  (Docket # 108).

Regardless of the merits of defendants' position, Tripathy represents that he intends to depose the party defendants concerning the Covid-19 policies implemented at each of the three facilities. (Docket # 120 at ¶ 1). He should do so if he still wishes to take depositions. Following those depositions, if he still believes a deposition of Moores is appropriate, he may so move and explain why additional testimony from her would be relevant and important to his claims. Accordingly, Tripathy's motion is denied without prejudice to renewal following depositions of party defendants.

IV.   **Amended Scheduling Order**

By Order dated October 27, 2023, this Court stayed its December 15, 2022 Amended Scheduling Order (Docket # 62) in order to resolve the various discovery disputes pending before the Court. (Docket # 129). Having now resolved those disputes, by separate order, the Court will set new deadlines to govern this litigation.[3]

**CONCLUSION**

For the reasons discussed above, the parties' discovery motions **(Docket ## 97, 98, 124)** are **DENIED in part and GRANTED in part**, Tripathy's motion for disqualification and a protective order **(Docket # 112)** is **DENIED**, and Tripathy's motion for a nonparty subpoena **(Docket # 118)** is **DENIED without prejudice**. On or before **November 30, 2023**, defendants shall comply with the directives set forth herein. As stated above, the parties are

---

[3] After the Court's Order staying the scheduling order, Tripathy served additional requests for admission, to which defendants objected on the grounds that they were served after the discovery deadline set forth in the December 15, 2022 Amended Scheduling Order. (Docket ## 130, 131, 132). As discussed above, Tripathy's discovery concerns were raised long before the discovery deadline, and if defendants' timeliness objections to Tripathy's requests for admissions were presented to the Court by formal motion, the Court would be disinclined to uphold them.

reminded that they must engage in good faith and genuine efforts to identify and resolve any disputes prior to seeking Court intervention.

**IT IS SO ORDERED.**

<u>*s/Marian W. Payson*</u>
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
       November 9, 2023