UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SANJAY TRIPATHY,

                                   Plaintiff,

        v.

ANDREA N. SCHNEIDER, et al.,

                                  Defendants.
_____

<u>DECISION & ORDER</u>

21-CV-6392FPG

On November 9, 2023, I issued a decision on several then-pending motions in the above-captioned matter. (Docket # 133). That same day plaintiff Sanjay Tripathy filed a motion seeking reconsideration of my decision. (Docket # 135). In support of his motion, Tripathy asserts factual information relating to his underlying criminal conviction and submits several exhibits in support of his contention that the conviction has been vacated. (*Id.*).

"The standard for granting [a motion to reconsider] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). "A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the [c]ourt." *Torres v. Carry*, 672 F. Supp. 2d 346, 348 (S.D.N.Y. 2009) (quotation omitted). Rather, the primary grounds for reconsideration are "an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Id.* (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). If the moving party presents no legal

authority or facts that the court failed to consider, then the motion to reconsider should be denied. *Shrader v. CSX Transp., Inc*., 70 F.3d at 257 ("a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided").

Plaintiff's motion merely seeks to advance facts and evidence that he could have but failed to present to the Court in connection with his original motion. While Tripathy is free to file a new motion in support of his request for a protective order concerning information relating to his underlying conviction, a motion for reconsideration advancing information not previously provided to the Court is not the proper procedural vehicle to seek such relief. *See Howard v. Consol. Edison Co. of N.Y., Inc.*, 2022 WL 2541387, *2 (E.D.N.Y. 2022) ("a motion for reconsideration may not be used to introduce facts a movant neglected to allege or proffer evidence that she failed to establish the first time around"). Accordingly, I decline to reconsider my earlier decision.

Prior to filing any renewed motion for a protective order, the parties must satisfy their obligations to meet and confer in good faith. During any such conferral, in light of the information supplied by Tripathy, defendants must indicate whether they will continue to seek discovery relating to Tripathy's conviction and, if so, articulate the relevance or potential relevance of any such discovery.

In his motion, Tripathy also seeks clarification regarding his communications with defendants' counsel. (Docket # 135 at ¶ 2). As I stated in my previous decision, Tripathy and defendants' counsel can communicate through written correspondence sent through the mail. (Docket # 133 at 14). While Tripathy is free to file such communications on the Court's electronic docket, he is not required to do so. To the extent he does, in order to ensure that the

Court does not misinterpret his filing as seeking affirmative relief from the Court, Tripathy should clearly direct the communication to Ms. Halliyadde, not to the Court.

For the reasons stated above, plaintiff's motion to reconsider my November 9, 2023 Decision & Order **(Docket # 135)** is **DENIED**.

**IT IS SO ORDERED.**

                      *s/Marian W. Payson*
                      MARIAN W. PAYSON
                      United States Magistrate Judge

Dated: Rochester, New York
       November 20, 2023