UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SANJAY TRIPATHY,

                                          Plaintiff,

      v.

ANDREA N. SCHNEIDER, et al.,

                                          Defendants.
_____

DECISION & ORDER

21-CV-6392FPG

        Plaintiff Sanjay Tripathy ("Tripathy") filed this action against defendants pursuant to 42 U.S.C. § 1983, alleging that he was subjected to unconstitutional conditions of confinement in violation of his Eighth Amendment rights while incarcerated at Gowanda Correctional Facility.[1]  (Docket ## 1, 5, 7).  On October 14, 2022, Tripathy filed a Second Amended Complaint adding additional conditions of confinement claims against additional defendants arising out of his subsequent incarceration at Fishkill Correctional Facility and Collins Correctional Facility.  (Docket ## 35, 36, 49).

        Currently pending before this Court is Tripathy's motion for leave to file a third amended complaint to add the New York State Department of Corrections and Community Supervision ("DOCCS") as a defendant to the action.  (Docket # 159).  Defendants oppose Tripathy's motion.  (Docket # 160).

        Rule 15(a) of the Local Rules of Civil Procedure requires that a movant seeking to amend or supplement a pleading "attach an unsigned copy of the proposed amended pleading as

---

[1] Tripathy also asserted Eighth Amendment inadequate medical care claims and claims pursuant to the Americans with Disabilities Act, the Rehabilitation Act, and the Fourteenth Amendment, but those claims were dismissed.  (Docket ## 5, 7).

an exhibit to the motion." W.D.N.Y. Local Rule 15(a). Despite having been previously advised by the Court that motions to amend must be accompanied by a proposed amended complaint (Docket # 29), Tripathy's motion does not attach a proposed amended complaint. (*Id.*).

Moreover, Tripathy's motion was filed on December 4, 2023, well after the August 10, 2022 deadline set by the Court. (Docket ## 25, 159). It is well-settled in this Circuit that "the Rule 16(b) 'good cause' standard, rather than the more liberal standard of Rule 15(a), governs a motion to amend filed after the deadline a district court has set for amending the pleadings." *See Parker v. Colum. Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) (internal citations omitted) (collecting cases). Thus, "despite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause." *Id*. Good cause "depends on the diligence of the moving party." *Id*.; *accord Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009) ("[w]hether good cause exists turns on the 'diligence of the moving party'") (quoting *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003)), *cert. denied*, 562 U.S. 1102 (2010); *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007); *Carnrite v. Granada Hosp. Grp., Inc.*, 175 F.R.D. 439, 446 (W.D.N.Y. 1997).

Tripathy's motion is deficient in that it is unaccompanied by a copy of his proposed amended complaint, which is necessary for defendants and this Court to evaluate his proposed amendments. It is also deficient because it does not demonstrate the reason why he did not seek leave to add DOCCS as a defendant prior to the expiration of the motion to amend deadline. For these reasons, his motion to amend is denied without prejudice.

Any new motion must be accompanied by a copy of the proposed new pleading, which should encompass all of the claims Tripathy wishes to assert and all of the allegations he

wishes to include in support of those claims. Tripathy is cautioned that only the allegations contained in that amended complaint will be considered. In addition, any new motion must demonstrate good cause for Tripathy's failure to add DOCCS as a defendant before the scheduling deadline.[2] As applicable authority demonstrates, the critical consideration is whether Tripathy acted with the requisite diligence to justify granting his motion for leave to amend so long after the expiration of the deadline for such motions.

To the extent Tripathy seeks a Court order regarding any discovery he wishes to seek from DOCCS (*see* Docket # 164 at 3), he must seek that relief by separate motion attaching a proposed subpoena. Tripathy is advised that "[d]iscovery of non-parties must be conducted by subpoena pursuant to [Federal Rules of Civil Procedure] 45, not the rules governing discovery of parties." *Chiquita Fresh N. Am., LLC v. Long Island Banana Corp.*, 2018 WL 4853049, *2 (E.D.N.Y. 2018). Pursuant to Rules 33 and 36 of the Federal Rules of Civil Procedure, only parties to the action are required to respond to discovery request such as interrogatories and requests for admission. *See United States v. UBS Sec. LLC*, 2020 WL 7062789, *3 (E.D.N.Y. 2020) ("non-parties may not be served with interrogatories or requests for admission") (quotation and alterations omitted); *Ward v. Empire Vision Ctrs., Inc.*, 262 F.R.D. 256, 261 (W.D.N.Y. 2009) ("the federal rules provide that interrogatories may only be served upon parties to the lawsuit").

---

[2] As argued by defendants (Docket # 161 at 10-11), it appears that any Section 1983 claim asserted by Tripathy against DOCCS would be barred by the Eleventh Amendment. *See Tripathy v. Schneider*, 2021 WL 4204985, *2 n.3 (W.D.N.Y. 2021) ("[w]ere the [c]ourt to construe the [m]otion . . . as a request to amend to add DOCCS as a [d]efendant, that amendment would be denied as futile because such a suit would be barred by the Eleventh Amendment) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984)); *Ennis v. N.Y. Dep't of Parole*, 2018 WL 3869151, *4 (N.D.N.Y.) (claims for monetary and retroactive injunctive and declaratory relief are barred under the Eleventh Amendment), *report and recommendation adopted by*, 2018 WL 3862683 (N.D.N.Y. 2018). Accordingly, in any new motion seeking leave to add DOCCS as a defendant, Tripathy should explain why DOCCS is not immune from the claims he proposes to assert against it.

## CONCLUSION

For the reasons discussed above, Tripathy's motion to amend **(Docket # 159)** is **DENIED without prejudice**.

**IT IS SO ORDERED.**

                                                      *s/Marian W. Payson*
                                                    MARIAN W. PAYSON
                                             United States Magistrate Judge

Dated:  Rochester, New York
         December 7, 2023