UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SANJAY TRIPATHY,

                                                                                             DECISION & ORDER and
                           Plaintiff,                                                REPORT & RECOMMENDATION

                v.                                                      21-CV-6392FPG

ANDREA N. SCHNEIDER,
Acting Superintendent, Gowanda CF,
Gowanda NY, et al.,

                           Defendants.
_____

        Plaintiff Sanjay Tripathy ("Tripathy") filed this action against defendants pursuant to 42 U.S.C. § 1983, alleging that he was subjected to unconstitutional conditions of confinement in violation of his Eighth Amendment rights while incarcerated at Gowanda Correctional Facility.[1] (Docket ## 1, 5, 7). On October 14, 2022, Tripathy filed a second amended complaint adding additional conditions of confinement claims against additional defendants arising out of his subsequent incarceration at Fishkill Correctional Facility and Collins Correctional Facility. (Docket ## 35, 36, 49).

        Currently pending before this Court for Report and Recommendation is Tripathy's motion for leave to file a third amended complaint (Docket # 179). Also pending are Tripathy's motions for a protective order, an order authorizing the issuance of subpoenas, and an order to compel. (Docket ## 162, 172, 173). Defendants oppose the motions. (Docket ## 167, 177, 181).

---

[1] Tripathy also asserted Eighth Amendment inadequate medical care claims and claims pursuant to the Americans with Disabilities Act, the Rehabilitation Act, and the Fourteenth Amendment, but those claims were dismissed. (Docket ## 5, 7).

## REPORT & RECOMMENDATION

I turn first to Tripathy's motion for leave to file a third amended complaint to add the New York State Department of Corrections and Community Supervision ("DOCCS") as a defendant to the action. (Docket # 179). Tripathy's proposed amended complaint also seeks to assert a claim that the defendants, including DOCCS, violated his rights under Article 1, Section 19 of the New York State Constitution. (Docket # 179-1 at 24-28). Finally, in addition to the pending conditions of confinement claims asserting inadequate Covid-19 policies that are alleged in the Second Amended Complaint, Tripathy's proposed amended complaint includes allegations that he was subjected to excessive indoor environmental tobacco smoke ("ETS"). (*Id.* at 23-24).

This is not Tripathy's first attempt to add DOCCS as a defendant to the action. On December 4, 2023, Tripathy filed a motion seeking similar relief. (Docket # 159). This Court denied the motion for several reasons, including that Tripathy failed to attach a proposed amended complaint to his motion and because the motion was filed well after the August 10, 2022 deadline to amend set by the Court. (Docket # 166). The Court advised Tripathy that any new motion to amend the complaint must: (1) attach a copy of the proposed new pleading and (2) demonstrate good cause for Tripathy's failure to add DOCCS as a defendant before the scheduling deadline. (*Id.* at 2-3). In addition, the Court instructed that any new motion seeking leave to add DOCCS as a defendant must address defendants' arguments that DOCCS is immune from the claims Tripathy seeks to assert against it. (*Id.* at 3 n.2). Tripathy's pending motion satisfies the first requirement, but not the latter two.

It is well-settled in this Circuit that "the Rule 16(b) 'good cause' standard, rather than the more liberal standard of Rule 15(a), governs a motion to amend filed after the deadline a district court has set for amending the pleadings." *See Parker v. Colum. Pictures Indus.*, 204

F.3d 326, 340 (2d Cir. 2000) (internal citations omitted) (collecting cases). Thus, "despite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause." *Id*. Good cause "depends on the diligence of the moving party." *Id*.; *accord Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009) ("[w]hether good cause exists turns on the 'diligence of the moving party'") (quoting *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003)), *cert. denied*, 562 U.S. 1102 (2010); *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007); *Carnrite v. Granada Hosp. Grp., Inc.*, 175 F.R.D. 439, 446 (W.D.N.Y. 1997).

The moving party may demonstrate "good cause" by moving to amend promptly after the discovery of new evidence following the scheduling deadline. *See Estate of Ratcliffe v. Pradera Realty Co.*, 2007 WL 3084977, *4 (S.D.N.Y. 2007) (party demonstrated requisite diligence by moving to amend ten days after discovering new evidence through a deposition). "[W]here the substance of the proposed amendment was known to the movant [earlier in the proceedings, however,] but the movant nevertheless failed to act, courts have denied leave to amend under Rule 16." *380544 Can., Inc. v. Aspen Tech., Inc.*, 2011 WL 4089876, *3-4 (S.D.N.Y. 2011). Thus, a party who inexcusably delays after determining that he wishes to allege new claims, whether by discovering new evidence or otherwise, will not satisfy the good cause standard. *See*, *e.g.*, *Volunteer Fire Assoc. of Tappan, Inc. v. Cnty. of Rockland*, 2010 WL 4968247, *4 (S.D.N.Y. 2010) (good cause lacking where plaintiff failed to move to amend complaint until four months after advising court that it wished to do so); *Rambarran v. Mt. Sinai Hosp.*, 2008 WL 850478, *3 (S.D.N.Y. 2008) (good cause not demonstrated where plaintiff moved to amend five months following the deadline and failed to identify the new evidence

3

giving rise to the new claims or when such evidence was discovered); *Lawrence v. Town of Cheektowaga*, 2006 WL 2000124, *3 (W.D.N.Y. 2006) (delay of nearly one year after plaintiff obtained information giving rise to requested amendment defeated motion to amend complaint); *Baergas v. City of New York*, 2005 WL 2105550, *10 (S.D.N.Y. 2005) (two-month delay in filing motion to amend after advising court of intent to do so did not satisfy good cause standard).

In determining whether to grant a motion to amend, the court must weigh the good cause shown for the delay against the prejudice to the non-movant that will result from the amendment. *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d at 244; *Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 46-47 (2d Cir. 1983). Considerations of prejudice include whether the new claim would (i) require significant additional discovery; (ii) significantly delay the resolution of the dispute; or (iii) prevent the non-moving party from bringing a timely action in another jurisdiction. *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) (collecting cases). "However, the absence of prejudice to a nonmoving party does not alone fulfill the good cause requirement of Rule 16(b)." *Woodworth v. Erie Ins. Co.*, 2009 WL 3671930, *3 (W.D.N.Y. 2009) (emphasis and internal citations omitted).

On the record before me, I find that Tripathy has failed to demonstrate good cause to amend the complaint to add DOCCS as a defendant and to assert the new claims alleged in his proposed amended complaint. This case has been pending since May 20, 2021. (Docket # 1). On April 27, 2022, the Court issued a Scheduling Order setting August 10, 2022 as the deadline to amend the pleadings. (Docket # 25). Tripathy complied with this deadline and filed a motion to amend the complaint on June 21, 2022. (Docket # 31). By decision dated October 13, 2022, this Court granted his motion in part and recommended that it be denied in part, and Tripathy

filed the Second Amended Complaint more than a year ago, on October 14, 2022.[2]  (Docket ## 35, 36).  Although the Scheduling Order was subsequently amended, the deadline for amending the pleadings was not extended.  (Docket ## 62, 139).

In his motion, Tripathy does not provide any explanation for his failure to have sought leave to assert claims against DOCCS in his Second Amended Complaint; rather, he maintains that good cause exists to add DOCCS as a defendant now because the individual defendants have objected to providing certain discovery materials and because the defendants will not be prejudiced by the proposed addition.[3]  (Docket # 182).  He likewise provides no explanation for why he did not earlier seek to assert his proposed state constitutional claim.  Instead, he merely maintains that the claim is viable and that the Court should exercise supplemental jurisdiction over it.  (*Id.* at 4-5).  Finally, although his proposed amended complaint includes allegations concerning ETS, Tripathy's submissions are unclear as to whether he seeks to assert any legal claims arising out of those facts or whether he alleges them simply as relevant to the potential impact of ETS exposure on his risk of Covid-19 injuries.  (*Id.* at 6-7).

Having reviewed the proposed amended complaint, I find that the facts supporting Tripathy's claims against DOCCS were known to him at the time he filed his original complaint and that he has failed to establish good cause for his failure to add DOCCS as a defendant at that time, or certainly before the deadline for moving to amend.  I reach a similar conclusion with respect to Tripathy's proposed claim that the defendants' actions violated his rights under the New York State Constitution – a claim that is based upon the same factual allegations as his

---

[2] This district court adopted the Report and Recommendation on November 16, 2022.  (Docket # 49).

[3] To the extent Tripathy suggests that the official capacity claims he originally asserted against some of the defendants should be considered claims against DOCCS, his claims against DOCCS were dismissed with prejudice by the district court more than three years ago, on October 1, 2021.  (Docket # 7).  To the extent Tripathy disagreed with that decision, he could have sought reconsideration.

claim that defendants violated his federal constitutional rights.[4]  In addition, to the extent that Tripathy's motion may be construed as an application for leave to assert claims relating to exposure to ETS in DOCCS facilities, I also find that he has failed to establish good cause for his failure to seek leave prior to the deadline.

Moreover, Tripathy has failed to explain why DOCCS is not immune from the claims he seeks to assert.  See *Tripathy v. Schneider*, 2021 WL 4204985, *2 n.3 (W.D.N.Y. 2021) ("[w]ere the [c]ourt to construe the [m]otion . . . as a [] request to amend to add DOCCS as a [d]efendant, that amendment would be denied as futile because such a suit would be barred by the Eleventh Amendment) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984)); *Ennis v. N.Y. Dep't of Parole*, 2018 WL 3869151, *4 (N.D.N.Y.) (claims for monetary and retroactive injunctive and declaratory relief are barred under the Eleventh Amendment), *report and recommendation adopted by*, 2018 WL 3862683 (N.D.N.Y. 2018).  Indeed, Tripathy seemingly concedes that DOCCS is immune from Tripathy's claims for monetary damages. (Docket ## 179 at 2; 182 at 3).  Although Tripathy suggests that DOCCS does not have immunity for claims seeking declaratory or prospective relief, his release from incarceration mooted any such claims he might have been able to assert while incarcerated.  See *Khalil v. Laird*, 353 F. App'x 620, 621 (2d Cir. 2009) (summary order) (dismissing claims seeking declaratory and injunctive relief; "[w]hen [plaintiff] was released from prison, he no longer had a

---

[4] Even if Tripathy had sought leave to amend to assert this claim prior to the deadline, I agree with defendants (Docket # 181 at 13-14) that this Court lacks jurisdiction over Tripathy's proposed state constitutional claim.  See *Tripathy v. Lockwood*, 2024 WL 1331231, *16 (W.D.N.Y. 2024) (dismissing claim asserted pursuant to Article I, Section 19 of the New York State Constitution; "[p]ursuant to Correction Law § 24, any claim against a DOCCS officer under New York law arising out of any act done or the failure to perform an act within the scope of the employment and in the discharge of the duties of said officers shall be brought and maintained in the [C]ourt of [C]laims as a claim against the state") (internal quotations omitted); *Parris v. N.Y.S. Dep't of Corr. Servs.*, 947 F. Supp. 2d 354, 365 (S.D.N.Y. 2013) ("Section 24 provides immunity for DOCCS employees from lawsuits [asserted under state law] based on acts or omissions within the course of their employment, and requires that such action be brought in the New York Court of Claims as a claim against the state[;] . . . [d]istrict courts should dismiss such claims for lack of subject matter jurisdiction").

'continuing personal stake' in the outcome of this action, and his claims were rendered moot"); *Pugh v. Goord*, 571 F. Supp. 2d 477, 489 (S.D.N.Y. 2008) ("[w]here a prisoner has been released from prison, his claims for injunctive relief based on the conditions of his incarceration must be dismissed as moot").

For the reasons stated above, this Court recommends that Tripathy's motion to amend (Docket # 179) be denied.

## DECISION & ORDER

### I. Motion to Preclude

I turn next to Tripathy's motion for a "protective order" concerning his underlying criminal conviction. (Docket # 162). Tripathy seeks an order precluding the introduction into evidence at trial of certain information concerning his May 30, 2018 criminal conviction. (*Id.*). I agree with defendants that such motion is premature at this time. (Docket # 167).

This is not the first time that Tripathy has sought relief from this Court relating to the facts of his criminal conviction. As this Court observed in its November 9, 2023 decision (Docket # 133), several of Tripathy's previous submissions appeared to seek a protective order preventing defendants from obtaining information relating to his underlying conviction. (*See, e.g.*, Docket ## 104 at ¶ 4; 110 at ¶ 3; 112 at ¶ 3). The Court denied such relief on the grounds that Tripathy had failed to provide sufficient information to demonstrate that his conviction had been reversed or to permit the Court to determine whether information about the crimes for which he was prosecuted might lead to the discovery of relevant information. (Docket # 133).

Tripathy sought reconsideration of the decision and supplied additional exhibits in support of his contention that the conviction had been vacated. (Docket # 135). The Court

denied the request for reconsideration of its earlier decision, but noted that Tripathy was free to file a new motion in support of his request for a protective order. (Docket # 140). The Court noted that Tripathy was required to confer with counsel for defendants prior to filing any renewed motion; in light of the information provided by Tripathy, the Court directed counsel to "indicate [in such conferral] whether [defendants would] continue to seek *discovery* relating to Tripathy's conviction, and if so, articulate the relevance or potential relevance of any such *discovery*." (*Id.*) (emphasis added).

Review of the parties' correspondence suggests that the parties never conferred before Tripathy filed the pending motion. Rather, Tripathy requested that defendants enter into a stipulation limiting defendants' ability to introduce evidence relating to Tripathy's criminal conviction in any trial of this matter. (*See*, *e.g.*, Docket ## 141, 153). Defendants declined to enter into any stipulations concerning the admissibility of evidence while discovery remained ongoing. (Docket # 160).

At this time, no disputes have been presented to the Court regarding the *discoverability* of information relating to Tripathy's criminal prosecution. To the extent Tripathy maintains that defendants should be prohibited from introducing at trial facts or evidence relating to his criminal prosecution, such a request for an *in limine* order is premature and should be addressed to the trial judge. *See Reed v. Edmonds*, 2006 WL 435453, *1 (S.D.N.Y. 2006) (denying motion to exclude evidence of plaintiff's criminal record; "[d]iscovery is not yet complete and dispositive motions have not yet been made[;] [i]n view of the fact that so little is currently known about what the trial will ultimately look like, I conclude that consideration of plaintiff's motion *in limine* is premature at this time"). Accordingly, Tripathy's motion for a "protective order" (Docket # 162) is denied.

II.  **<u>Motion to Compel</u>**

In the pending motion to compel, Tripathy maintains that defendants have failed to adequately respond to his document demands seeking Covid-19 audit records, Covid-19-related grievances, and Covid-19-related emails and communications.  (Docket # 173).  These discovery disputes were the subject of a previous decision issued by this Court on November 9, 2023.  (Docket ## 133, 173).  In its decision, the Court directed defendants to produce additional documents or further responses to several of Tripathy's discovery demands.  (Docket # 133).  The docket reflects that on November 30, 2023, defendants supplemented their production and provided the compliance affidavit directed by the Court.  (Docket # 152).  In the supplemental production, defendants produced COVID-19-related grievances and Central Office Review Committee ("CORC") determinations for the relevant facilities.  (Docket # 152-1 at Exhibit A).

In addition, on December 22, 2023, after Tripathy filed the pending motion to compel, defendants again supplemented their production.  (Docket # 176).  The supplemental production included the relevant Inmate Grievance Resolution Committee ("IGRC") decisions and appeals and superintendent decisions relating to the previously produced Covid-19 grievances.  (*Id.*).  According to Tripathy, this supplemental production resolved his concerns with respect to production of Covid-19-related grievances.  (Docket # 178 at 2, ¶ 2).  Accordingly, the only disputes now remaining concern Tripathy's requests for Covid-19 audit records and Covid-19 emails and communications.  (Docket ## 173 at 1-2; 178 at 2).

A.  **<u>Covid-19 Audit Records</u>**

In his previous motion to compel, Tripathy sought an order compelling defendants to produce "Medical and Covid-19 Audit Records," including internal and outside audits.

9

(Docket # 133 at 10). The Court directed defendants to provide an affidavit from someone with personal knowledge to attest that a diligent search for all medical Covid-related audits at the relevant facilities had been conducted and that all responsive information in the possession, custody, and/or control of defendants had either been produced or that responsive information had not been located. (*Id.*).

On November 30, 2023, defendants filed the affidavit of DOCCS Associate Counsel Patrick M. Domery. (Docket # 152-1). Domery represented that he "conducted a diligent search for all medical Covid-19-related audits at the [relevant facilities] and responsive information was not located." (*Id.* at ¶ 4). In addition, Domery represented that DOCCS does not have access to or information about any audits conducted by outside agencies or persons. (*Id.*).

Tripathy maintains that this affidavit is insufficient because it fails to "provide any insights into knowledge of any such Covid-19 audits by Defendants" and does not "address information, knowledge, or possession of such audits . . . with DOCCS." (Docket # 173 at 2). Defendants disagree, maintaining that Domery's affidavit satisfies the Court's prior order and arguing that they cannot be compelled to produce documents that do not exist. (Docket # 177 at ¶¶ 4-5).

I agree with defendants that they cannot be compelled to produce documents that are not within their possession, custody or control (including those not within the possession, custody or control of DOCCS), and Domery's affidavit sufficiently establishes that neither the individual defendants nor DOCCS possess any Covid-19 audits conducted by DOCCS or by any outside individuals or agencies. At the same time, Tripathy is entitled to a clear representation from DOCCS as to whether it has knowledge of any audits conducted by any outside individuals

10

or agencies that encompass the three DOCCS facilities relevant to Tripathy's claims.[5] Accordingly, on or before **July 15, 2024**, defendants must provide an affidavit from someone with personal knowledge to attest whether any Covid-19-related audits at the relevant facilities have been conducted by any outside agencies. If so, DOCCS must identify the individual or agencies associated with such audits, the date or timeframe of the audit, and the facility encompassed by the audit in order to permit Tripathy to request a non-party subpoena for production of information relating to the audit.

B. <u>Covid-Related Communications</u>

In his previous motion to compel, Tripathy requested an order compelling defendants to produce:

> [A]ny emails and communications related to Covid-19, particularly those related to policy implementation, challenges, and failures. This encompasses communications with experts, government agencies, local agencies, and any other pertinent parties during the relevant period. This information is required for all Defendants and DOCCS Albany Staff.

(Docket # 133 at 12 (quoting Docket # 127 at ¶ 7)). The Court agreed with defendants that Tripathy's request as drafted was overbroad and denied Tripathy's motion to compel a further response to this demand. (Docket # 133 at 13).

In subsequent correspondence, Tripathy narrowed his request to defined time periods, primarily January 2020 through December 2022, and to those communications in which the named defendants were either the author or recipient of the communication or were otherwise copied on the communication. (Docket ## 136, 165). Tripathy also appeared to limit the scope of the request to all Covid-19-related "audits, . . . protocols, emergencies, specific actions taken,

---

[5] This is particularly so where, as here, and as discussed *infra*, defendants have objected to Tripathy's request for Covid-19-related communications and emails – a response to which might well reveal the existence of such audits – on the grounds that the request is overbroad, vague, and unduly burdensome.

suggested, implemented or their failures as it related to named Defendants['] role, responsibility and action and knowledge." (Docket # 165). Defendants responded that the revised demand is still overbroad and vague and seeks irrelevant information. (Docket # 171).

Tripathy now seeks an order compelling a response to his revised demand. (Docket # 173). Defendants oppose the motion, maintaining that the revised demand still does not articulate the precise information sought by Tripathy. (Docket # 177 at ¶ 8). Defendants represent that they conducted a search for email communications regarding a "failure to implement Covid-19 protocol" but found no responsive documents. (*Id.* at ¶ 9). In reply, Tripathy invites the Court's guidance concerning how best to narrow his request and objects to defendants' limited search for communications solely relating to the failure to implement Covid-19 protocols. (Docket # 178 at 2).

Although Tripathy has attempted to narrow the request by limiting the timeframe and the potential custodians of the communications, I agree with defendants that Tripathy's request remains overbroad and fails to identify with sufficient clarity the information he seeks that is not contained in the documents produced to him. Indeed, defendants have already produced a substantial number of documents in response to Tripathy's demands, including records reflecting Covid-19 infections, deaths, and vaccination rates at the relevant facilities (*see*, *e.g.*, Docket ## 121-1, 121-2); DOCCS's 2020 Pandemic Plan (Docket # 80 at 10-25); DOCCS's General Housekeeping Manual (*id.* at 27-52); Covid-19-related internal memoranda (*id.* at 54-64); and all Covid-19-related grievances, appeals, and determinations at the relevant facilities (Docket ## 152-1, 176).

It is unclear from his request what additional information Tripathy seeks, and a search for all communications relating to Covid-19, even if narrowed to those involving the

named defendants and to particular time periods, would likely impose a significant production burden.  In an attempt to assist the parties to resolve this dispute, which has been brought to the Court repeatedly for resolution, the Court notes that review of the documents produced by defendants identifies a discrete category of apparently responsive documents that have not yet been produced.  Specifically, the CORC determinations produced by defendants suggest that facility superintendents regularly briefed the Incarcerated Liaison Committees ("ILC") throughout the pandemic.  (*See*, *e.g.*, Docket # 152-1 at 4 ("Facility Superintendents are briefing ILCs on a regular basis to ensure the sharing of information")).  On or before **July 15, 2024**, defendants shall search for and produce all Covid-19-related ILC briefings distributed at the relevant facilities during the time periods requested by Tripathy.[6]  To the extent defendants maintain that production of such information raises confidentiality or institutional concerns, they must submit a sworn declaration by the deadline identifying and explaining such concerns.

For the reasons discussed above, I grant in part and deny in part Tripathy's motion to compel a further response to this demand.

### III. <u>Motion for Subpoena</u>

On December 8, 2023, Tripathy filed a motion requesting that the Court issue subpoenas for the production of documents and testimony from nonparty DOCCS.  (Docket # 172).  Defendants oppose the motion, maintaining that the documents sought are duplicative of the demands Tripathy served on defendants, to which DOCCS has already responded by providing information.  (Docket # 177 at ¶¶ 17, 19, 20).  With respect to Tripathy's request for a

---

[6] Specifically, Tripathy has requested communications between January 2020 and March 2021 for the Gowanda facility, between January 2020 and December 2021 at the Fishkill facility, and between January 2020 and December 2022 at the Collins facility.  (Docket # 173 at 5).

nonparty deposition, defendants maintain that the Court has already instructed Tripathy to conduct depositions of the named defendants prior to seeking testimony from nonparty DOCCS officials – an instruction with which Tripathy has yet to comply. (*Id.* at ¶ 18).

I agree with defendants that the document demands attached to Tripathy's proposed subpoena are duplicative of the demands that Tripathy previously served on defendants. (*Compare* Docket # 173 (seeking production of Covid-19 Audit Records, CORC Grievances/Complaints, and Covid-19 Communications) *with* Docket # 172 at 15-19 (requesting production of Covid-19 Audit Records, CORC Grievances/Complaints, and Covid-19 Communications)). Contrary to Tripathy's contention, Domery's affidavit establishes that a search of documents in the possession, custody, and control of DOCCS relating to the relevant facilities has been conducted and relevant Covid-19 audits and CORC grievances and complaints have been produced or do not exist. (Docket # 152-1 at ¶ 4). With respect to Tripathy's demands for Covid-19-related communications, as discussed above, his request is vague, overbroad, and fails to sufficiently particularize the information he seeks.

With respect to Tripathy's request for deposition testimony from DOCCS, the Court reiterates its earlier instruction that Tripathy should first depose the party defendants concerning the Covid-19 policies implemented at each of the three facilities. (Docket # 133 at 16). Following those depositions, if good cause exists, Tripathy may move for an order authorizing the issuance of a subpoena from the Court for additional deposition testimony from any nonparty. Any such motion should include an explanation of why additional testimony is relevant and important to his claims.

## **CONCLUSION**

For the reasons discussed above, this Court grants in part and denies in part Tripathy's motion to compel **(Docket # 173)** and denies Tripathy's motions for a protective order and for the issuance of a subpoena **(Docket ## 162, 172)**, and recommends that Tripathy's motion to amend **(Docket # 179)** be denied. On or before, **July 15, 2024**, defendants shall comply with the directives set forth herein.

**IT IS SO ORDERED.**

                                                         *s/Marian W. Payson*
                                                       MARIAN W. PAYSON
                                             United States Magistrate Judge

Dated:  Rochester, New York
           June 21, 2024

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b), 6(a) and 6(d) and Local Rule 72(b).

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "written objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72(b), or with the similar provisions of Rule 72(a) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

**IT IS SO ORDERED.**

                          *s/Marian W. Payson*
                          MARIAN W. PAYSON
                        United States Magistrate Judge

Dated: Rochester, New York
       June 21, 2024