UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SANJAY TRIPATHY,

                              Plaintiff,

        v.

ANDREA N. SCHNEIDER,
Acting Superintendent, Gowanda CF,
Gowanda NY, et al.,

                              Defendants.
_____

<u>DECISION & ORDER</u>

21-CV-6392FPG

        On June 21, 2024, this Court issued a Decision & Order addressing numerous discovery disputes.[1]  (Docket # 184).  In that decision, the Court directed, in relevant part, that defendants "search for and produce all Covid-19-related [Inmate Liaison Committee ("ILC")] briefings distributed at the relevant facilities during the time periods requested by Tripathy."  (*Id.* at 13).

        By declaration dated July 23, 2024, defendants submitted the declaration of Megan Yaiser, the Assistant Commissioner for the Health Services for the New York State Department of Corrections and Community Supervision ("DOCCS").  (Docket # 188).  In her declaration, Yaiser represented that during the relevant time period, DOCCS did not distribute any written briefings related to Covid-19 to ILC members.  (*Id.* at 6, ¶ 5).

        Approximately three hours later, Tripathy filed a motion to compel, maintaining that Yaiser made false representations in her declaration.  (Docket # 189).  According to

---

[1] This decision assumes familiarity with that decision, the various issues it addresses, and the procedural history on this litigation.

Tripathy, during his incarceration he reviewed minutes of ILC meetings posted on dorm notice boards. (*Id.*). Tripathy maintains that these minutes referenced Covid-19-related information that had been verbally disseminated to dorm representatives by DOCCS staff. (*Id.*). He requests an order compelling defendants to either produce these meeting minutes or to provide a declaration representing that such minutes do not exist. (*Id.*).

Tripathy's motion is denied. As this Court previously advised Tripathy (*see*, *e.g.*, Docket # 133 at 5), the applicable rules of civil procedure require the parties to confer or attempt to confer in good faith to try to resolve discovery disputes without court intervention before filing a motion to compel. Fed. R. Civ. P. 37(a)(1). To verify that the requirement has been satisfied, Rule 37(a)(1) obligates a party filing a motion to compel to "include a certification" that the movant has in good faith conferred or attempted to confer with the opposing party or counsel. Fed. R. Civ. P. 37(a)(1). Tripathy's motion does not include the required certification, which is not surprising considering he filed the pending motion within hours of defendants' submission. The failure to meet and confer warrants denial of Tripathy's motion. *See Williams v. City of Rochester*, 2018 WL 739097, *1 (W.D.N.Y. 2018) ("[t]he failure to meet and confer is unacceptable, contravenes the parties' obligations under the Federal Rules of Civil Procedure, and justifies the denial of [plaintiff's] motion").

Although defendants represent that DOCCS staff did not distribute any written Covid-19-related briefings to the ILC members, Tripathy maintains that he reviewed written ILC meeting minutes that reflected the content of the verbal briefings provided by DOCCS staff to the ILC members. Accordingly, the parties are directed to confer regarding whether such meeting minutes exist for the relevant facilities during the relevant time periods and, if so, whether those minutes are in the possession of DOCCS.

For the reasons stated above, Tripathy's motion to compel **(Docket # 189)** is

**DENIED**.

**IT IS SO ORDERED.**

<u>    *s/Marian W. Payson*    </u>  
MARIAN W. PAYSON  
United States Magistrate Judge

Dated: Rochester, New York  
       July 24, 2024