UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SANJAY TRIPATHY,

                                 DECISION & ORDER

                      Plaintiff,

                v.                                            21-CV-6392FPG

ANDREA N. SCHNEIDER,
Acting Superintendent, Gowanda CF,
Gowanda NY, et al.,

                      Defendants.
_____

        Plaintiff Sanjay Tripathy ("Tripathy") filed this action against defendants pursuant to 42 U.S.C. § 1983, alleging that he was subjected to unconstitutional conditions of confinement in violation of his Eighth Amendment rights while incarcerated at Gowanda Correctional Facility.[1]  (Docket ## 1, 5, 7).  On October 14, 2022, Tripathy filed a second amended complaint adding additional conditions of confinement claims against additional defendants arising out of his subsequent incarceration at Fishkill Correctional Facility and Collins Correctional Facility.  (Docket ## 35, 36, 49).

        Pending before this Court are two motions related to discovery of Covid-19 Inmate Liaison Committee ("ILC") briefings at three DOCCS facilities – Gowanda, Fishkill and Collins – during discrete periods of times.  (Docket ## 197, 203).  Tripathy's requests for Covid-related documents have been the subject of several past discovery motions (*see* Docket ## 97,

---

[1] Tripathy also asserted Eighth Amendment inadequate medical care claims and claims pursuant to the Americans with Disabilities Act, the Rehabilitation Act, and the Fourteenth Amendment, but those claims were dismissed.  (Docket ## 5, 7).

98, 124, 173), and familiarity with those motions and the Court's determinations of them (*see* Docket ## 133, 184) is assumed.

This Court's most recent decision addressed three disputes regarding production of Covid records. (Docket # 184 at 9-13). One was resolved by supplemental production made following the filing of Tripathy's motion; the second was resolved with a direction that defendants provide an affidavit attesting whether any Covid-related audits were conducted by outside agencies; and, the third concerned Tripathy's demand for communications that defendants authored, received or were copied on concerning "audits, . . . protocol, emergencies, specific actions taken, suggested, implemented or their failures as it related to named defendants['] role, responsibility and action and knowledge." (Docket # 184 at 9-13). As to the third request, the Court found that, although Tripathy had narrowed it from an earlier request, it remained overbroad and failed to identify with sufficient clarity the information Tripathy sought that was not contained in the substantial number of Covid-related documents that defendants had already produced. (*Id.* at 12). In an effort to assist the parties and to avoid further motion practice concerning this issue, which had been subject of two discovery motions, the Court directed defendants to search for and produce on or before July 15, 2024 "all Covid-19-related ILC briefings distributed at the relevant facilities during the time periods requested by Tripathy." (*Id.* at 13). In making that ruling, the Court noted that its review of CORC determinations that had been produced "suggested that facility superintendents regularly briefed the [ILCs] throughout the pandemic." (*Id.*).

In response to the Court's direction, defendants initially requested until August 30, 2024 to provide the requested documents. (Docket # 192). On August 7, 2024, Tripathy filed the first of the two pending motions seeking an extension of the scheduling order to permit

2

him to conduct depositions because he had not yet received the ILC briefings the Court had ordered defendants to produce. (Docket # 197). Defendants opposed the requested extension. (Docket # 198).

This Court finds that Tripathy has demonstrated good cause for the requested extension. First, he has persistently – albeit not wholly successfully – pursued Covid-related discovery at the three facilities. As indicated *supra*, his last effort resulted in an order by the Court directing defendants to produce some additional limited document discovery. Second, at the time the March 4, 2024 fact discovery deadline in the Court's November 13, 2023 order expired, Tripathy's motion was still pending before the Court, thus precluding him from deposing the defendants on the contents of any ILC briefings. Third, this Court's decision and order dated June 21, 2024, issued after the expiration of the discovery deadline, clearly contemplated Tripathy would be entitled to do so:

> With respect to Tripathy's request for deposition testimony from DOCCS, the Court reiterates its earlier instruction that Tripathy should first depose the party defendants concerning the Covid-19 policies implemented at each of the three facilities.

(Docket # 184 at 14). For these reasons, the Court grants Tripathy's motion for an extension of the scheduling order, although the extended deadlines will be not as lengthy as Tripathy has requested in his reply (*see* Docket # 199 at 3). An amended scheduling order will be issued separately.

The second pending motion concerns the scope of my direction to defendants to produce additional Covid-related documents and whether defendants' supplemental production on August 26, 2024 fully complies with that direction. (Docket # 203). Tripathy notes that defendants' counsel has represented that "there are no written Covid-19 related [ILC] briefings[;] [a]ll such briefings were verbal communications" and moves the Court to order defendants to

3

produce written minutes of the ILC meetings in which those verbal briefings occurred. (Docket # 203). Defendants oppose the motion on the grounds that the Court's direction did not encompass minutes and that Tripathy could have requested copies of those minutes during the discovery period but did not. (Docket ## 204, 204-1).

Despite those objections, defendants did provide Tripathy with ILC briefing minutes for Collins and Fishkill. (*See* Docket # 200). In their response to Tripathy's motion, counsel represents:

> Although this new discovery demand for ILC minutes [was] made outside of the discovery period, [d]efendants made a good faith effort to locate such ILC minutes and provided what they could find after a diligent search. . . . Defendants made a good faith and diligent effort to locate all relevant documents and provided such documents to [p]laintiff.

(Docket # 204 at ¶¶ 9, 11). Tripathy challenges the adequacy of defendants' search on the grounds that the search was conducted at Collins for Gowanda documents, and no Gowanda minutes were produced. (Docket ## 201, 205). The affidavit of Andrea Nicaud, the Inmate Records Coordinator at Collins, submitted with defendants' supplemental production, explains that the search for Gowanda documents was undertaken by her at Collins because Gowanda closed in 2022 and the Gowanda records were stored at Collins. (Docket # 200 at 3, ¶¶ 2-4). That Tripathy recalls that minutes were posted on dormitory notice boards at Gowanda when he was housed there (*see* Docket # 201 at ¶ 3) does not establish that such records of a facility now closed still exist, let alone defeat the accuracy of defendants' representation that they searched in good faith for such records from Gowanda and found none. On this record, the Court denies Tripathy's motion to compel.

4

For the reasons discussed above, this Court grants in part and denies in part Tripathy's motion for an extension of the scheduling order deadlines **(Docket # 197)** and denies his motion to compel production of ILC briefing minutes **(Docket # 203)**.

**IT IS SO ORDERED.**

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated:  Rochester, New York
        November 7, 2024