UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SANJAY TRIPATHY,

                                      Plaintiff,

                                                                                          Case # 21-CV-6392-FPG

v.

                                                                                          DECISION AND ORDER

ANDREA N. SCHNEIDER, *et al.*,

                                      Defendants.
_____

## INTRODUCTION

Plaintiff Sanjay Tripathy brings this civil rights action against Defendants Andrea Schneider, D. Lockwood, Dr. S. Haque, Edward Burnett, Sharon Frost, Akinola Akinyombo, D.S.P Leanne Latona, and Richard Moffit pursuant to 42 U.S.C. § 1983. ECF No. 36. Defendants move for summary judgment on all of Plaintiff's claims. ECF No. 236. Plaintiff opposes the motion. ECF Nos. 240, 241, 242. Defendants also move to strike Plaintiff's Declaration (ECF No. 241). ECF No. 247. Plaintiff opposes the motion. ECF No. 249. For the reasons that follow, Defendants' motion for summary judgment (ECF No. 236) is GRANTED, and Defendants' Motion to Strike (ECF No. 247) is DENIED.

## BACKGROUND

The following facts are undisputed unless otherwise noted. At all times relevant to this action, Plaintiff was in the custody of the New York State Department of Correction and Community Supervision ("DOCCS"). ECF No. 236-1 ¶ 1; ECF No. 242 ¶ 1. Plaintiff was housed at Gowanda Correctional Facility ("Gowanda") from August 16, 2018, to January 21, 2021. *Id.* He was then moved to Fishkill Correction Facility ("Fishkill") where he was housed from January 21, 2021, to October 19, 2021. *Id.* Finally, he was moved to Collins Correctional Facility ("Collins") from October 19, 2021, until he was released from prison. *Id.* At all relevant times to this action,

1

Andrea Schneider was Acting Superintendent at Gowanda, Donald Lockwood was a Captain at Gowanda, Dr. S. Haque was a Clinical Physician at Gowanda, Akinola Akinyombo was Registered Nurse Supervisor 1 at Fishkill, Edward Burnett was Superintendent at Fishkill, Sharon Frost was Deputy Superintendent of Administration at Fishkill, Leanne Latona was Superintendent at Collins, and Richard Moffit was Deputy Superintendent of Administration at Collins. ECF No. 236-1 ¶ 2; ECF No. 242 ¶ 2.

While Plaintiff was incarcerated, the COVID-19 pandemic began. Plaintiff alleges that during his incarceration he had severe underlying medical conditions, which made him especially vulnerable to COVID-19. ECF No. 36 at 9. Plaintiff further alleges that while he was incarcerated, the various prisons where he was housed failed to properly implement protocols designed to limit the spread of COVID-19. *Id.* at 11. In his complaint, he specifically points to a lack of policies relating to masking, social distancing, testing/tracing, quarantining, as well as overcrowding in dorms, lack of cleaning, poor sanitation, and failure to provide special accommodations for higher risk inmates. *Id.* at 11–12.

While at Gowanda, Plaintiff filed a grievance related to COVID-19. ECF No. 236-1 ¶ 5; ECF No. 241 ¶ 33. Ultimately, the Central Office of Review Committee ("CORC") denied this grievance. ECF No. 236-1 ¶ 6; ECF No. 242 ¶ 6. While at Fishkill, Plaintiff filed a grievance related to COVID-19 protocols in which he alleged deliberate indifference towards his medical needs while he was housed at Gowanda. ECF No. 236-1 ¶ 7; ECF No. 242 ¶ 7; ECF No. 36 at 40. In that grievance, Plaintiff stated that he was not requesting any specific action and only filed the grievance to ensure he was compliant with the Prison Litigation Reform Act's ("PLRA") exhaustion requirement. ECF No. 236-1 ¶ 8; ECF No. 242 ¶ 8. Plaintiff never appealed this grievance to the CORC. ECF No. 236-1 ¶ 10; ECF No. 242 ¶ 10. Defendants maintain that Plaintiff

never filed formal grievances related to lack of COVID-19 precautions at Fishkill or Collins. ECF No. 236-1 ¶¶ 16, 25.[1]

On May 20, 2021, Plaintiff brought the instant action in this Court. ECF No. 1. While Plaintiff initially brought numerous claims, after screening his initial complaint (ECF No. 1) and a subsequently filed amended complaint (ECF No. 5) pursuant to 28 U.S.C. § 1915A(a), the only claim that proceeded to service was his Eighth Amendment conditions of confinement claim against Defendants Schneider, Lockwood, and Haque. ECF Nos. 2, 7. On June 21, 2022, Plaintiff moved to amend his complaint. ECF No. 31. On November 16, 2022, the Court allowed Plaintiff to amend his complaint to add Burnett, Frost, Akinyombo, Latona, and Moffit as Defendants and to assert Eighth Amendment conditions of confinement claims against those defendants arising out of his incarceration at Fishkill and Collins. ECF No. 49. Plaintiff's Second Amended Complaint (ECF No. 36) is therefore the operative complaint in this action. On November 22, 2022, Plaintiff was released from prison.[2] *See* ECF No. 236-15 at 21. Defendants now move for summary judgment and to strike Plaintiff's declaration (ECF No. 241). ECF Nos. 236, 247.

## DISCUSSION

Defendants move for summary judgment, ECF No. 236, and to strike Plaintiff's declaration (ECF No. 241) in response to their summary judgment motion, ECF No. 247. Because Defendants'

---

[1] Plaintiff purports to dispute these paragraphs in Defendants' Rule 56 Statement and cites to all of the documents he has submitted on the docket to support this assertion. *See* ECF No. 242 ¶¶ 16, 25. As the Court will discuss more fully below, it does not appear that Plaintiff disputes the fact that he did not file any formal grievances related to a lack of COVID-19 precautions at Fishkill or Collins. Instead, he disputes that he was required to file formal grievances and argues that his informal conversations and letters constitute grievances.

[2] In their Rule 56 Statement, Defendants state that Plaintiff was incarcerated at Collins until November 22, 2023. ECF No. ECF No. 236-1 ¶ 22. However, this appears to be a typo, as Plaintiff states that he was released in November 2022, ECF No. 241 ¶ 2, and Defendants also state that he was released on November 22, 2022, in their memorandum of law, ECF No. 236-15 at 21. *See also Tripathy v. Brotz,* No. 22-CV-6469, 2023 WL 4032831, at *1 (W.D.N.Y. June 15, 2023) (noting that Plaintiff was released from prison in November 2022 after his conviction was vacated).

3

motion to strike relates to a document filed in opposition to Defendants' motion for summary judgment and therefore may affect Defendants' ability to prevail on their motion for summary judgment, the Court will first address Defendants' motion to strike before turning to Defendants' motion for summary judgment.

## I.     Motion to Strike Plaintiff's Declaration

Defendants argue that Plaintiff's declaration in response to their motion for summary judgment (ECF No. 241) should be struck from the record due to failure to comply with Federal Rule of Civil Procedure 56(c)(4) and Local Rule of Civil Procedure 7(a)(3). ECF No. 247-1 at 2. Under Fed. R. Civ. P. 56(c)(4), a declaration used to oppose a motion for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Local Rule 7(a)(3) provides that an "affidavit . . . must not contain legal arguments, but must contain factual and procedural background relevant to the motion it supports." Defendants argue that Plaintiff's declaration (ECF No. 241) should be struck from the record because it is "riddled with inadmissible hearsay, conclusory statements and arguments, legal conclusions, assumptions, mischaracterizations, and information clearly not made on the affiant's personal knowledge and more resembles an adversarial memorandum than a bona fide affidavit." *Id.* at 2–3. Plaintiff disagrees, arguing that there is no merit to Defendants' argument. ECF No. 249.

"Striking a paper is a harsh remedy and is disfavored" because "[i]f stricken, that paper also would be removed from any appellate record, depriving Plaintiff of whatever factual or legal arguments contained therein and depriving the Second Circuit of a complete record." *Black v. Buffalo Meat Service, Inc.*, No. 15-CV-49, 2021 WL 763723, at *4 (W.D.N.Y. Feb. 26, 2021). Therefore, instead of striking "a declaration because it contains hearsay, argument, or statements

unsupported by citations to the record," courts generally just "disregard the improper portions" unless the declaration is "so riddled with inadmissible material that th[e] Court cannot simply disregard any improper statements or unsupported portions." *Coolidge v. United States*, No. 10-CV-363, 2015 WL 5714237, at *3 (W.D.N.Y. Sept. 29, 2015); *Disabled in Action v. City of New York*, 437 F. Supp. 3d 298, 309 (S.D.N.Y. 2020) ("[w]hen an affidavit does not comply with the[ ] basic requirements [of Rule 56(c)(4)], the offending portions should be disregarded by the court").

In this case, the Court concludes that Plaintiff's declaration (ECF No. 241) "is not so riddled with inadmissible material" to warrant striking the declaration (ECF No. 241) in its entirety. *Black*, 2021 WL 763723 at *3. As such, Defendants' motion to strike (ECF No. 247) is denied. Nevertheless, to the extent that Plaintiff's declaration improperly includes hearsay, argument, or statements unsupported by the record in violation Rule 56(c)(4) and Local Rule 7(a)(3), those portions of the declaration will be disregarded by the Court in deciding Defendants' motion for summary judgment.

## II. Motion for Summary Judgment

Defendants move for summary judgment on Plaintiff's Eighth Amendment conditions of confinement claims at Gowanda, Fishkill, and Collins. ECF No. 236. Defendants argue that they are entitled to summary judgment for a number of reasons, including because Plaintiff failed to exhaust his administrative remedies at each correctional facility prior to bringing this suit in federal court, as required by the PLRA. ECF No. 236-15 at 6. Because the Court agrees that Plaintiff did not exhaust his administrative remedies and that dismissal of all his claims is warranted on this basis, it will not discuss Defendants' other arguments.[3]

---

[3] While dismissal for failure to exhaust is ordinarily without prejudice, *see Mateo v. Ercole*, No. 08 Civ. 10450, 2010 WL 3629520, at *6 (S.D.N.Y. Sept. 17, 2010), because Plaintiff has been released from prison and therefore cannot rectify his failure to exhaust, his claims are dismissed with prejudice.

5

### A. Legal Standard

Summary judgment is appropriate when the record shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Disputes concerning material facts are genuine where the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In deciding whether genuine issues of material fact exist, the court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in the non-moving party's favor. *See Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005). However, the non-moving party "may not rely on conclusory allegations or unsubstantiated speculation." *F.D.I.C. v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010) (quotation omitted).

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citation and quotation marks omitted). This does not mean, however, that a *pro se* litigant is excused from following the procedural requirements of summary judgment. "[A] *pro se* party's 'bald assertion,' completely unsupported by evidence, is not sufficient to overcome a motion for summary judgment." *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (quoting *Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

### B. Exhaustion of Remedies

Defendants argue that Plaintiff failed to exhaust his remedies at Gowanda, Fishkill, and Collins and therefore, his claims must be dismissed pursuant to the PLRA. ECF No. 236-15 at 6. The PLRA requires a "prisoner confined in any jail, prison, or other correctional facility" to

6

exhaust all available administrative remedies before filing suit in federal court. 42 U.S.C. § 1997e(a); *see also Ross v. Blake*, 578 U.S. 632 (2016) (holding that exhaustion is "mandatory"). "The PLRA exhaustion requirement 'applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.'" *Espinal v. Goord*, 558 F.3d 119, 124 (2d Cir. 2009) (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)). A prisoner must utilize the available grievance procedures, "regardless of whether the relief sought is offered through those procedures." *Espinal*, 558 F.3d at 124 (citation omitted). Thus, to properly exhaust administrative remedies, a prisoner must use "all steps that the [government] agency holds out." *Amador v. Andrews*, 655 F.3d 89, 96 (2d Cir. 2011) (quoting *Woodford v. Ngo*, 548 U.S. 81, 90 (2006)). He also must comply with the facility grievance "system's critical procedural rules," *Woodford*, 548 U.S. at 95, including time limits, *Hill v. Curcione*, 657 F.3d 116, 124 (2d Cir. 2011).

In this case, there is no question that the PLRA requirements apply to Plaintiff's claims because at the time the suit was brought, Plaintiff was an inmate at a New York State prison alleging that his Eighth Amendment rights were violated while he was incarcerated. *See Evans v. Rockland Cnty. Sheriff's Dep't*, No. 14 CV 7379, 2016 WL 1746094, at *3 (S.D.N.Y. Apr. 29, 2016) ("[I]f a prisoner is released from prison during an action, yet failed to exhaust administrative remedies where there was ample opportunity to exhaust prior to release, his or her action is subject to dismissal [pursuant to the PLRA].") (internal quotation marks omitted). "Failure to exhaust administrative remedies is an affirmative defense, and when raised as a basis for summary judgment, the defendant bears the initial burden of establishing, by pointing to legally sufficient sources such as statutes, regulations, or grievance procedures, that a grievance process exists and

applies to the underlying dispute." *Deleon v. Ayers*, No. 16-CV-6848L, 2023 WL 171889, at *2 (W.D.N.Y. Jan. 12, 2023) (internal citation and quotation omitted).

Here, Defendants have met this burden by citing the inmate grievance process outlined in N.Y. Comp. Codes R. & Regs. tit. 7, § 701 ("7 N.Y.C.R.R. § 701"), which applies to all prisoners in a New York State correctional facility, such as Gowanda, Fishkill, and Collins. *See* ECF No. 236-11 at 27–44. Under 7 N.Y.C.R.R. § 701, there is a three-step process to resolve inmate grievances. Specifically, the process requires that an inmate "(1) file a complaint with the Inmate Grievance Review Committee. . .; (2) appeal to the facility superintendent; and (3) appeal to the [Department of Correctional Services] Central Office Review Committee." *Hernandez v. Coffey*, No. 99 Civ. 11615, 2003 WL 22241431, at *3 (S.D.N.Y. Sept. 29, 2003); *see* ECF No. 236-11 at 27–44. Defendants maintain Plaintiff did not exhaust his administrative remedies at Gowanda, Fishkill, or Collins. The Court discusses the issue of exhaustion as to each correctional facility below.

    **a. Fishkill and Collins**

Defendants argue that Plaintiff failed to file grievances at Fishkill and Collins related to the lack of COVID-19 precautions at those facilities. ECF No. 236-15 at 7. Thus, they argue that Plaintiff failed to exhaust his administrative remedies at these facilities and his claims arising out of his incarceration at Fishkill and Collins must be dismissed. *Id.* at 8–9. Defendants maintain in their Rule 56 Statement that it is undisputed that Plaintiff did not file any grievances relevant to the allegations in the instant complaint at Fishkill or Collins. ECF No. 236-1 ¶¶ 16, 25. Plaintiff responds that these are disputed facts. ECF No. 241 ¶¶ 16, 25. However, Plaintiff also responds that there is no dispute that he testified that he did not submit any grievances with regard to the COVID-19 situation at Fishkill. *Id.* ¶ 17. Further, he provides no admissible evidence suggesting

8

that he filed formal grievances at Fishkill or Collins related to the lack of COVID-19 precautions at the facilities. Indeed, in his response in opposition to Defendants' summary judgment motion, Plaintiff concedes that he did not file formal grievances related to a lack of COVID-19 precautions at Fishkill or Collins, arguing that he was not required to file grievances because such grievances were futile and because his extensive letters and direct meetings with officials were proper substitutes for the grievance process. ECF No. 240 at 2. As such, the Court concludes that while Plaintiff disputes that he was required to file formal grievances and argues that his informal conversations and letters constitute grievances, Plaintiff does not dispute that he failed to file grievances related to a lack of COVID-19 precautions at Fishkill or Collins pursuant to the formal DOCCS grievances process described above.

The Court now turns to Plaintiff's arguments that he was not required to file a formal grievance in order to exhaust his administrative remedies. First, Plaintiff argues that he was not required to file formal grievances at Fishkill or Collins because any grievance would have been futile. ECF No. 240 at 1. The PLRA requires exhaustion only insofar as the exhaustion is "available to the inmate." *Green Haven Prison Preparative Meeting v. DOCCS*, 16 F.4th 67, 81 (2d Cir. 2021) (citation omitted), *cert. denied* 142 S. Ct. 2676 (2022). But "[t]he bar for the availability of remedies . . . is low. To constitute an 'available' remedy, a process requires only 'the possibility of some relief.'" *Id.* (quoting *Ross v. Blake*, 578 U.S. 632, 643 (2016)). Once Defendants meet their burden of establishing the existence and applicability of the grievance policy, Plaintiff bears the burden of establishing *de facto* unavailability. *See Hubbs v. Suffolk Cnty. Sheriff's Dep't*, 788 F.3d 54, 59 (2d Cir. 2015). An administrative remedy is *de facto* unavailable and, therefore exhaustion is excused: "(1) where the process 'operates as a simple dead end – with officers unable or consistently unwilling to provide any relief to aggrieved inmates'; (2) where the process is 'so

9

opaque that it becomes, practically speaking, incapable of use'; and (3) 'when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.'" *Saeli v. Chautauqua Cnty., N.Y.*, 36 F.4th 445, 453 (2d Cir. 2022) (quoting *Ross,* 578 U.S. at 643–44). Additionally, if the policy is "outside the control of the jail," the claim is "not grievable" and exhaustion is excused. *Id.* at 457–58.

Here, Plaintiff is not arguing that the process was opaque or that prison administrators prevented him from filing grievances. Instead, he is arguing that the grievance process operated as a simple dead end because the local officials were merely implementing policies dictated by the central office and as such, his claim was outside the control of the facility. *See* ECF No. 240 at 1– 2. The Court rejects this argument. While Plaintiff contends that officials at Fishkill and Collins had no control over the state-wide COVID-19 policy, "facilities may—and often do—retain local control over the implementation of state-wide policies," and when they do maintain local control over the implementation, exhaustion is not excused on the basis that the policy is outside the control of the facility. *Tripathy v. Lockwood*, 726 F. Supp. 3d 183, 198 (W.D.N.Y. 2024).

In this case, Defendants have submitted declarations explaining that while there was a state-wide DOCCS COVID-19 policy, each facility adapted and implemented the policy. *See* ECF No. 236-5 ¶ 4; ECF No. 236-8 ¶ 3. Specifically, Edward Burnett, Superintendent at Fishkill at the relevant time, stated that "[d]uring this global pandemic period, the implementation of DOCCS COVID-19 policy was within the sole control of the Fishkill Correctional Facility" and the "DOCCS Response Plan . . . was adapted and implemented by Fishkill Correctional Facility." ECF No. 236-5 ¶ 4. Additionally, Leanne Latona, Superintendent at Collins at the relevant time, stated that "the implementation of DOCCS COVID-19 policy was within the sole control of the Collins Correctional Facility" and that Collins followed DOCCS's policies "to prevent the spread of

10

COVID-19 in the Facility and adapted such policies to … best facilitate the control of … COVID-19 within the Facility." ECF No. 236-8 ¶¶ 3–4.

Plaintiff has provided no evidence that implementation of the policy was not within the control of the facility or that the facilities had no ability to adapt the policies. Indeed, in Plaintiff's complaint, he alleges that the Defendants employed at Fishkill are liable in this action because they were "directly responsible for the implementation of the [COVID-19] policies, procedures, and … protocols." ECF No. 36 at 14. He also alleges in his complaint that the Defendants employed at Collins are liable in this action because "their responsibility was clearly implementation of policies and procedures, which they failed, knowing full well the risk and its impacts [e]specially on [Plaintiff due to COVID-19]." *Id.* Consequently, there is no merit to Plaintiff's argument that the grievance process operated as a simple dead end because the policy was outside the control of the facility. Therefore, his failure to exhaust his administrative remedies pursuant to 7 N.Y.C.R.R. § 701 is not excused. *See Tripathy*, 726 F. Supp. 3d at 198 (holding that where a facility maintains local control over a state-wide policy, exhaustion is not excused on the basis that the policy is outside of the control of the facility).

Second, Plaintiff argues that his "extensive letters and direct meetings with facility officials" were proper substitutes for the formal grievance process because they were his only available remedy given that officials repeatedly testified that they were merely implementing policies dictated by the central office. ECF No. 240 at 2. However, it is well settled that informal complaints do not satisfy the PLRA's exhaustion requirement where an administrative remedy, such as a formal grievance process, is available. *See Dabney v. Pegano*, 604 F. App'x 1, 5 (2d Cir. 2015) (summary order); *see also Macias v. Zenk*, 495 F.3d 37, 44 (2d Cir. 2007) (rejecting the argument that instead of following a prison's formal grievance process, a prisoner could take

11

"enough informal steps to put prison officials on notice of [his] concerns" to satisfy the PLRA's exhaustion requirement); *Collins v. Goodliff*, No. 12-CV-6595, 2014 WL 6065670, at *2 (W.D.N.Y. Nov. 13, 2014) (collecting cases) (holding that "complaints that were not filed as formal grievances cannot satisfy the exhaustion requirement"). Thus, there is no merit to Plaintiff's argument.

In sum, the grievance procedure as described in 7 N.Y.C.R.R. § 701 was available to Plaintiff while he was incarcerated in Fishkill and Collins. As a result, he was required to exhaust the formal grievance process at these facilities. Because Plaintiff did not file any formal grievances related to the lack of COVID-19 precautions at Fishkill or Collins, he failed to satisfy the PLRA's exhaustion requirement as to his claims at Fishkill and Collins and those claims are dismissed.

**b. Gowanda**

As for Plaintiff's claims at Gowanda, it is undisputed that Plaintiff filed formal grievances related to COVID-19 at Gowanda. ECF No. 236-1 ¶¶ 6–7; ECF No. 242 ¶¶ 6–7. In Defendants' Rule 56 Statement, Defendants state that Plaintiff filed two grievances related to Gowanda. ECF No. 236-1 ¶¶ 5–7. As to the first grievance, Defendants maintain that it is undisputed that while "at Gowanda, Plaintiff submitted a grievance No. GWD-0208-20, in which Plaintiff requested only to be released from prison for home confinement due to the threat for his health posed by [the] COVID-19 situation." *Id.* ¶ 5. Plaintiff responds that he disputes this statement. ECF No. 242 ¶ 5. However, Plaintiff submitted a copy of this grievance as an exhibit to his complaint. *See* ECF No. 36 at 36. Additionally, he makes no arguments and proffers no evidence that he did not file grievance No. GWD-0208-20. Therefore, the Court concludes that while Plaintiff disputes Defendants' characterization of grievance No. GWD-0208-20, he does not dispute that he filed that grievance. As for Plaintiff's second grievance, FCF0039-21, there is no dispute that Plaintiff

12

filed the grievance. ECF No. 236-1 ¶ 7; ECF No. 242 ¶ 7. There is also no dispute that in that grievance, Plaintiff did not request any specific action and stated that he only filed the grievance to ensure compliance with the PLRA. ECF No. 236-1 ¶ 8; ECF No. 242 ¶ 8. It is undisputed that Plaintiff did not appeal this grievance to the CORC. ECF No. 236-1 ¶ 10; ECF No. 242 ¶ 10.

As for Plaintiff's second grievance, FCF0039-21, Defendants argue that Plaintiff failed to exhaust administrative remedies because he did not appeal the grievance to the CORC. ECF No. 236-15 at 7. As explained above, the PLRA requires that a prisoner exhaust all steps of the administrative remedy process. *See Amador*, 655 F.3d at 96. Therefore, in the instant case, for Plaintiff to have met the PLRA's exhaustion requirement, he would have needed to file a complaint with the Inmate Grievance Review Committee, then appeal the decision to the facility superintendent, and finally appeal that decision to the CORC prior to the filing of this case. *See* 7 N.Y.C.R.R. § 701.5. Plaintiff concedes that he did not appeal this grievance to the CORC. ECF No. 242 ¶ 10. As such, this grievance has not been properly exhausted pursuant to the PLRA.

As for Plaintiff's first grievance, GWD-0208-20, Defendants argue that the grievance only requested Plaintiff's release from incarceration and thus was insufficient to put Defendants on notice of the claims in this suit. ECF No. 236-15 at 7; ECF No. 246-2 at 3. "The PLRA's exhaustion requirement is designed to 'afford [ ] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'" *Johnson v. Testman*, 380 F.3d 691, 697 (2d Cir. 2004) (quoting *Porter v. Nussle*, 534 U.S. 516, 524–25 (2002)). Therefore, to properly exhaust administrative remedies, "inmates must provide enough information about the conduct of which they complain to allow prison officials to take appropriate responsive measures." *Id*.; *see also Brownell v. Krom,* 446 F.3d 305, 310 (2d Cir. 2006) (holding that while it is "appropriate to afford *pro se* inmates a liberal grievance pleading standard, the grievance may not

13

be so vague as to preclude prison officials from taking appropriate measures to resolve the complaint internally"). A grievance should contain a "concise, specific description of the problem and the action requested and indicate what actions the grievant has taken to resolve the complaint." 7 N.Y.C.R.R.§ 701.5(a)(2). The Second Circuit has held that this requirement "is analogous to the requirements of notice pleading." *Solano v. Aubin*, No. 20-CV-1378, 2023 WL 5200397, at *5 (N.D.N.Y. Aug. 14, 2023) (citing *Brownell,* 446 F.3d at 310). However, the grievant need not "lay out the facts, articulate legal theories, or demand particular relief[;] [a]ll the grievance need do is object intelligibly to some asserted shortcoming." *Id.* (quoting *Johnson*, 380 F.3d at 697).

> Here, Plaintiff's grievance states that it is an:

> Emergency Petition due to Risk of Death due to CoronaVirus/Covid-19/SARS-CoV2 based on CDC (Center for Disease Control & Prevention) guidelines/risk factors (Age 50+, Severe Underlying Medical Conditions, Inability to Socially Distance due to being incarcerated at Gowanda C.F. under custody, control, security, care, and supervision of DOCCS, unhygienic/unsanitary/lack of PPE), lack of good medical care (no ICUs, No Ventilators, No Tests, Delayed treatment, delayed access to emergency room/critical medical care), thus enhancing risk of contracting the Virus. Please see attached Emergency Petition (8 pages) sent on May 10th, 2020 to Commissioner Annucci. This petition/Grievance is to initiate/fulfill process of Temporary Release of Petitioner to Home Confinement in North Carolina, subject to reduced risk of Coron Virus Pandemic (and availability of an effective vaccine).

ECF No. 36 at 36. On the grievance form, under "Action requested by inmate," Plaintiff put "Petitioner requests immediate Temporary Releases from DOCCS custody to Home Confinement (home address in North Carolina) till [sic] Pandemic risk is reduced and there is widespread availability of vaccine due to risk of Death from Corona Virus/Covid-19/SARS-CoV2." *Id.* Plaintiff's grievance was denied because immediate release is not an available remedy through the inmate grievance program. *Id.* at 37.

The Court concludes that the first grievance, GWD-0208-20, is insufficient to put the Defendants employed at Gowanda—Schneider, Lockwood, and Haque—on notice of Plaintiff's

14

claim in the instant action. Plaintiff's only remaining claim is an Eighth Amendment conditions of confinement claim alleging that Schneider, Lockwood, and Haque failed to properly implement protocols designed to limit the spread of COVID-19. *See* ECF No. 36. Nowhere in the first grievance, GWD-0208-20, does Plaintiff complain that Schneider, Lockwood, or Haque failed to take appropriate measures to limit the spread of COVID-19. *See* ECF No. 36 at 36.

While Plaintiff's grievance need not demand particular relief, it does need to identify some shortcoming to allow the facility an opportunity to address complaints internally before proceeding to federal court. *See Johnson*, 380 F.3d at 697. In grievance GWD-0208-20, Plaintiff specifically states that his grievance was filed to initiate a temporary release and indicates that the only relief sought is a temporary release. *See* ECF No. 36 at 36. Plaintiff does identify some conditions in Gowanda related to COVID-19, but simply identifying these conditions is insufficient to suggest that he is complaining about the lack of COVID-19 precautions and that the lack of such precautions is so deficient as to violate his Eighth Amendment rights. Further, Plaintiff makes no statements suggesting that he is requesting that the facility make changes to its COVID-19 policies so as to allow the facility an opportunity to rectify its policies prior to commencement of this suit. Indeed, Plaintiff's second grievance, FCF0039-21, in which he states that he is filing the grievance to ensure compliance with the PLRA before filing his federal complaint, suggests that he was aware that the first grievance was insufficient to exhaust administrative remedies. As such, the Court concludes that Plaintiff's grievance, GWD-0208-20, failed to put Schneider, Lockwood, and Haque on notice of Plaintiff's conditions of confinement claim.

In sum, Plaintiff filed two grievances related to COVID-19 at Gowanda. For the reasons discussed above, the first, GWD-0208-20, failed to put Schneider, Lockwood, and Haque on notice of the claims at issue in this suit and therefore, that grievance fails to satisfy the PLRA's exhaustion

15

requirement. The second, FCF0039-21, was never appealed to the CORC and thus that grievance fails to satisfy the PLRA's exhaustion requirement. Consequently, Plaintiff's claim against the Defendants employed at Gowanda—Schneider, Lockwood, and Haque—is dismissed for failure to exhaust.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment (ECF No. 236) is GRANTED, and Defendants' Motion to Strike (ECF No. 247) is DENIED. The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: February 20, 2026
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York