UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SANJAY TRIPATHY,

                Plaintiff,            Case # 21-CV-6392-FPG

v.                                    DECISION AND ORDER

ANDREA N. SCHNEIDER, *et al.*,

                Defendants.

## INTRODUCTION

Plaintiff Sanjay Tripathy brought this civil rights action against Defendants Andrea Schneider, D. Lockwood, Dr. S. Haque, Edward Burnett, Sharon Frost, Akinola Akinyombo, D.S.P Leanne Latona, and Richard Moffit, alleging that the conditions of his confinement at Gowanda Correctional Facility, Fishkill Correctional Facility, and Collins Correctional Facility violated his Eighth Amendment rights. ECF No. 36. On February 20, 2026, Defendants' motion for summary judgment was granted, and all of Plaintiff's claims were dismissed for failure to exhaust. ECF No. 251. Defendants have now filed a bill of costs, requesting $477.36 for the transcript of Plaintiff's deposition. ECF No. 253-1 at 3. Plaintiff has filed an opposition memorandum, ECF No. 254, and Defendants filed their reply brief, ECF No. 257. For the reasons that follow, Defendants' bill of costs is DENIED.

## DISCUSSION

Federal Rule of Civil Procedure 54(d) provides that "costs . . . should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "The term 'costs' as used in Rule 54 includes the specific items enumerated in 28 U.S.C. § 1920." *Hansen v. Warren Cnty.*, No. 17-CV-1134, 2020 WL 4877186, at *6 (N.D.N.Y. Aug. 20, 2020). Because Plaintiff does not dispute that Defendants' requested expenses are allowable costs, *see* ECF No. 254, Defendants enjoy a "presumption that

1

[their] costs will be awarded." *Nat'l Organics, Inc. v. Nutraceutical Corp.*, No. 01-CV-384, 2009 WL 2424188, at *2 (S.D.N.Y. Aug. 6, 2009). "[T]he losing party has the burden to show that costs should not be imposed; for example, costs may be denied because of misconduct by the prevailing party, the public importance of the case, the difficulty of the issues, or the losing party's limited financial resources." *Ahmad v. East Ramapo Cent. Sch. Dist.*, No. 09-CV-1440, 2018 WL 3222543, at *2 (S.D.N.Y. July 2, 2018). Therefore, where a plaintiff has demonstrated that he is indigent and that his suit brought in good faith involves a matter of public importance, the Court may decline to impose costs against him. *Bradley v. Bongiovanni*, No. 18-CV-6823, 2022 WL 16569224, at *2 (W.D.N.Y. Nov. 1, 2022).

In this case, Plaintiff argues that costs should not be imposed due to his indigency, the public importance of the case, and his good faith prosecution of his claims.[1] ECF No 254. The Court agrees with Plaintiff. As to indigency, "a district court may deny costs on account of a losing party's indigency, but indigency *per se* does not automatically preclude an award of costs, and the party asserting a lack of funds must demonstrate his indigency." *Cutie v. Sheehan*, No. 11-CV-66, 2016 WL 3661395, at *3 (N.D.N.Y. July 5, 2016) (internal quotation marks omitted).

Plaintiff argues that he is unable to pay the $477.36 in requested costs now or in the future. ECF No. 254 at 4. To support this argument, Plaintiff submitted a sworn affidavit stating that he is "entirely devoid of savings or income and [is] currently dependent exclusively on [his] family for [his] basic survival[,]" that he has "been unemployed since July 2016[,]" and that his "life savings were entirely depleted by the astronomical costs of funding [his] criminal defense and [his] ongoing civil litigation to vindicate [his] rights." ECF No. 255 ¶¶ 2–4. Based on this affidavit, he

---

[1] Plaintiff also argues that costs should not be imposed because the case was dismissed on procedural grounds. ECF No. 254 at 5. Because the Court concludes that costs should not be imposed due to Plaintiff's indigency, the public importance of the case, and Plaintiff's good faith prosecution of his claims it need not discuss this argument.

2

argues that he has no ability to pay these costs and that the imposition of such costs is a financial burden. ECF No. 254 at 4. In reply, Defendants argue that Plaintiff has failed to submit any financial documents, such as tax returns, bank documents, or other documents pertaining to his assets to support his assertions. ECF No. 257 at 4. Additionally, Defendants note that Plaintiff is not proceeding *in forma pauperis* and that he conducted several depositions of Defendants in this action. *Id.*

The Court is satisfied that Plaintiff has "establish[ed] in the record that []he is incapable of paying the court-imposed costs." *Griffin v. Delvecchio*, No. 16-CV-6029, 2020 WL 1514766, at *5 (W.D.N.Y. Mar. 30, 2020). Plaintiff's sworn affidavit demonstrates the financial hardship he has suffered subsequent to his incarceration. ECF No. 255. The Court disagrees with Defendants that other documentation is necessary under the circumstances, given that Plaintiff declared in his affidavit under penalty of perjury that he has no income and no assets to pay the requested costs. *See id*. Accordingly, the Court accepts Plaintiff's assertion that he suffers from a financial hardship that militates against the imposition of costs.

As to the public importance of the case, Plaintiff argues that the imposition of costs in this case would send "a chilling message to all incarcerated and formerly incarcerated individuals[] seeking redress for Eighth Amendment violations." ECF No. 254 at 6. The Court also agrees with Plaintiff that this consideration weighs in his favor. Plaintiff brought this action to challenge the conditions of his confinement in New York State prisons, which he believed were detrimental to his health and violative of the Eighth Amendment. This issue is of significant importance both in the Western District of New York and nationally. In such cases, there will often be a massive discrepancy between the resources available to the individual plaintiff and those available to the defendants as employees of the state. Just as importantly, such cases often involve highly disputed

3

factual circumstances and require adherence to the Prison Litigation Reform Act's procedural requirements. This can make success difficult for any plaintiff seeking to uphold his civil rights, even those with meritorious claims. In these sorts of cases, there is a risk that imposing costs will "have a chilling effect on similar actions in the future," *Fortunati v. Campagne*, No. 07-CV-143, 2013 WL 2322958, at *4 (D. Vt. May 28, 2013)—an unacceptable possibility given that such lawsuits are oftentimes the only mechanism for incarcerated individuals to bring to light civil rights violations within prisons.

Plaintiff also maintains that costs should not be imposed because this action was brought in good faith. ECF No. 254 at 4. Defendants do not dispute this. *See* ECF No. 257. Additionally, the Court is otherwise unable to discern any basis for finding that Plaintiff acted in bad faith in filing this suit. Therefore, the Court concludes that Plaintiff's good faith prosecution of this action weighs in his favor.

In sum, the Court recognizes that all of Plaintiff's claims were dismissed at summary judgment. Nevertheless, the nature of Plaintiff's lawsuit, along with his "meager financial resources and [] good faith prosecution of [his] claims," counsel against the imposition of costs. *Moore v. Cnty. of Delaware*, 586 F.3d 219, 222 (2d Cir. 2009) (discussing in the context of taxation of appellate costs).

**CONCLUSION**

For these reasons, Defendants' bill of costs (ECF No. 253) is DENIED.

IT IS SO ORDERED.

Dated: April 13, 2026
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York

4